(21 Misc. Rep. 28.)

SCHLOSS v. HUBER.

(Supreme Court, Appellate Term. July 29, 1897.)

1. LANDLORD AND TENANT—NATURE OF TENANCY—EVIDENCE.

Where the receipts for rent specified that the term was for one month only, and later receipts specified no term, the fact that the tenant continued to pay rent monthly, and denied any new agreement, was sufficient to support a finding that the original arrangement for a monthly tenancy continued.

2. SAME—STATEMENT OF AGENT.

A statement by the landlord's agent, on the tenant's demand for a reduction of rent, that, if she did not like it, she could leave, being made before the expiration of the year, was evidence that she was not then a yearly tenant.

3. SAME—RECEIPTS FROM FORMER LANDLORDS.

In an action for rent, receipts given to defendant by former landlords of the premises were admissible to show the term of the original hiring, and its continuance.

4. SAME—CONVERSATIONS WITH FORMER AGENTS.

Conversations between the tenant and former agents, through whom the hiring was done, were competent for the same purpose.

5. SAME—CONTINUANCE OF TENANCY—RETENTION OF KEY.

Retention of the key by the tenant after vacating the premises, and the refusal of the landlord's agent to accept it, was not a continuance of the tenancy.

Appeal from First district court.

Action by Moses Schloss against Mary Huber to recover rent. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Herbert J. Hindes, for appellant.

Joseph Steiner, for respondent.

DALY, P. J. The tenant had been in possession of the premises for about 11 years when she moved out, in January, 1897, and the dispute is as to whether she was a monthly tenant during the whole period, or whether, having been originally a tenant by the month, under a previous landlord, she became a tenant by the year under a special agreement with the plaintiff, or, by virtue of the New York statute, became a tenant for a term expiring on May 1st, in the absence of any agreement as to term. As all disputes as to special agreements must be deemed, by the judgment of the justice for defend-

ant, to have been determined by him in her favor, we find that the evidence offered on her behalf is ample to sustain the judgment.

From the written receipts produced by the defendant, given to her when she paid her rent monthly, down to the year 1893, it appears that the letting was by the month, each receipt specifying, "Rented for one month only." It was claimed by plaintiff that receipts given by his agent in 1895 and subsequently contained no such statement, but were general in form. It was not claimed that those receipts specified any term, and, as defendant continued to pay her rent monthly, in the absence of a new agreement, and she denied any new agreement, the facts support a finding that the original arrangement for a monthly tenancy continued.

Defendant testified that plaintiff's agent told her in November, 1896, when she asked for a reduction of rent, that, if she did not like it, she could leave, which was satisfactory evidence, if believed by the justice, that the defendant was not then a yearly tenant. If there were a continuing arrangement for a monthly hiring, the fact that the tenant remained over May 1st in any year did not bring the case within the New York statute, which operates only where no term is fixed by agreement.

The admission in evidence of the receipts given by former landlords of the premises to the defendant was proper to show the original hiring and its continuance. Conversations with former agents were competent for the same purpose, as the hiring was through such agents and the agent of the plaintiff, and not with the landlords directly. There was some attempt to show surrender, but it failed, and as it showed, on the contrary, that there was no acceptance, plaintiff was not harmed by it, but benefited. The retention of the key by plaintiff, after it was refused by the landlord's agent, after defendant had vacated the premises, did not constitute a continuance of the tenancy.

Judgment affirmed, with costs. All concur.