28 P.(2d) 527

**MARES v. SCHUTH (SANCHEZ, Garnishee).**

No. 3788.

Supreme Court of New Mexico.

Aug. 29, 1933.

Fred J. Voorhees, of Raton, for appellant.

H. M. Rodrick, of Raton, for appellee.

ZINN, Justice.

A judgment was entered in favor of Mares, the (plaintiff) appellant, on March 19, 1931, against Sanchez, the (garnishee) appellee, in the sum of $463.01, to be made out of the goods, property, moneys, and effects of

Schuth, the principal defendant, in the hands of the appellee. A notice of pendency of suit and garnishment as provided by Comp. St. 1929, § 59-133, had been issued and a return thereon made by the sheriff of Otero county, Colo., showing that a copy of said notice, together with a copy of the complaint, had been served upon the defendant on February 7, 1931, in Otero county, Colo.

On the 30th day of October, 1931, the appellee filed his motion to vacate the judgment and to quash the writ of garnishment and the return of the officer thereon.

In support of said motion the appellee alleged, among other reasons, that the notice was insufficient in omitting therefrom notice to Schuth that his money would be applied and his effects disposed of to pay the judgment as specifically required by Comp. St. 1929, § 59-133.

On December 22, 1931, the district judge entered an order vacating the judgment, which order was preceded by a memorandum, as follows: "While the motion in the case attacks the judgment heretofore entered for various claims claimed defects which are said by the garnishee to be jurisdictional, this court finds it unnecessary to pass definitely on more than one of these. The court is convinced that the notice served upon the defendant Leo Schuth in the state of Colorado does not comply with the statutes permitting a notice of garnishment to be served outside of the state, and that because the notice does not so comply with the statutes the court has no jurisdiction to enter the judgment against the defendant; and that an order should be made herein sustaining the motion filed by the garnishee to set aside the judgment."

It is contended by the appellant that the district judge erred, because the matter complained of in the motion to vacate is not jurisdictional, being a mere irregularity, and is unavailing to the appellee as garnishee, unless the judgment against the defendant is absolutely void.

Comp. St. 1929, § 59-133, which permits service on a nonresident principal defendant in a garnishment proceeding, provides that the notice to the defendant shall apprise him of the fact that his money and effects have been garnished and in whose hands, and that, unless the defendant appear at the proper time, judgment will be rendered against him and the garnishee, and the defendant's money applied and his effects disposed of in the manner provided by law to pay said judgment.

Though the notice in the instant case advised the defendant that his money and effects in the hands of the appellee had been garnished, and, if he failed to answer, judgment would be rendered against the garnishee, it did not state that the defendant's money would be applied and his effects disposed of in the manner provided by law to pay a judgment if rendered against the defendant.

It becomes necessary to answer two questions in order to sustain the action of the district judge:

First. Was the defect in the notice complained of sufficient to invalidate the judg-

ment, or was the omission immaterial and did not vitiate the service?

Second. Can a garnishee question the validity of a judgment against the res because of defective service?

■ We have held that everything relating to jurisdiction in attachment or garnishment proceedings depends upon the regularity and sufficiency of the process, and, inasmuch as a legal judgment against the attached property is a necessary prerequisite to a valid judgment against the garnishee, failure of the plaintiff to comply with the statute in securing service upon the principal defendant invalidates the judgment as to him, and it follows that the judgment cannot go against the garnishee. Smith v. Montoya, 3 Gildersleeve (N. M.) 13, 1 P. 175, 179.

We said in the case of Smith v. Montoya, supra:

"As a citation and notice to non-resident defendants by publication is in derogation of the common-law mode of personal service, the statutory requirements as to what the notice shall contain must be strictly complied with. Unless this is done in the case of non-resident debtors who do not appear, the court acquires no jurisdiction for any purpose whatever as against them or their property.

"Even in proceedings in rem against the property of non-resident debtors, the citation by publication or otherwise to the defendant, as expressly provided by law, must be given, whereby they may have their day in court, otherwise the court will acquire no jurisdiction or authority to adjudge a sale of their property to satisfy their debts."

One of the grounds upon which the judgment in the Smith v. Montoya Case was challenged, was an omission from the notice to be published that, unless the principal defendant appeared, "judgment would be rendered against him, and his property sold to satisfy the same," as was required by the law then in effect, Prince's Stat. § 11, p. 138, and the territorial Supreme Court said: "These constituent parts of the notice, as provided by statute, (Prince, St. § 11, p. 138,) are certainly material [and substantial], and their omission —the defects not having been cured by a voluntary appearance of the defendants—renders the notice ineffectual and void."

■ Section 59-133 permits the money and property of a nonresident to be seized and subjected to judicial sale on notice by publication or by personal service outside the state in lieu of publication, and the statutory requirements as to the contents of the notice must be strictly and literally observed, in order that the judgment entered thereon shall be of legal force and validity.

In the case of Upjohn Co. v. Board of Commissioners of Socorro County (Stephenson, Intervener) 25 N. M. 526, 185 P. 279, 280, we held a judgment against a garnishee void where service of the writ of garnishment was made by a person other than the sheriff, where we said: "The proceeding is wholly statutory, and compliance with the statute is essential to confer upon the court jurisdiction of the res." And held that the court was vested with power to set aside and vacate such void judgment at any time.

■■ As the proper notice was not issued and served, it follows that the court below

had acquired no authority to award judgment against the money and property of the defendant in the hands of the appellee to satisfy the plaintiff's demand; and, as a legal judgment against the defendant was a necessary prerequisite to a valid judgment against the garnishee, it further follows that the final judgment rendered against the appellee as garnishee was unauthorized and the court's order vacating the judgment was proper.

As to the second question, that the garnishee cannot question the regularity and validity of the judgment, we said in the case of Smith v. Montoya, supra, to wit: "As no judgment could be legally rendered against Smith, as garnishee, until after judgment had been rendered against the defendants in the action in which he was summoned as garnishee, it follows that the garnishee had the right as a matter of defense to show either by the record, or, if the record was silent, by other competent proofs, that the judgment was void for want of jurisdiction."

█ The garnishment judgment, in order to be a protection to the garnishee against subsequent liability, must be a valid judgment and have been rendered by a court having jurisdiction; otherwise he could not avail himself of the protection provided by section 59-131.

█ In respect to irregularities that amount to error merely in the proceedings of the court disposing of the main controversy, i. e., the controversy between the plaintiff and the principal defendant, the garnishee has no right to complain, for such matters do not concern him, but, where the defect goes to the jurisdiction of the court to act in the premises, and the question is whether or not the tribunal assuming to act has jurisdiction of the subject-matter or of the res or the principal defendant, the rule is otherwise. The plainest dictates of justice require that this should be so; for, if it was not, the garnishee might be compelled to pay the same debt twice. This doctrine was clearly stated by the Illinois Court at an early day. In Pierce v. Carleton, 12 Ill. 358, 54 Am. Dec. 405, that court said: "In a suit by attachment, the court must acquire jurisdiction, and proceed to enter a judgment against the defendant, before it can pronounce any judgment against a party summoned as garnishee. If the previous proceedings are unauthorized and void, there is no sufficient basis to support the judgment against the garnishee. He would not be protected in the payment of a judgment obtained under such circumstances. It would be regarded as a voluntary and not a compulsory payment, and the defendant might compel him to pay a second time. It is clear, therefore, that a garnishee should be permitted to inquire into the validity of the previous proceedings in the case."

And, as was aptly stated by the Mississippi court in Moody & Williams v. Dye, 125 Miss. 770, 88 So. 332, 333: "The garnishment proceedings grow out of and are incidental to the main judgment, and a judgment against a garnishee rests upon the main judgment which gives it life, and when the main judgment is annulled the garnishment judgment must fall with it. The garnishment judgment is only for the purpose of enforcing the payment of the main judgment, and if there be no

main judgment to enforce because of its annulment, then the purpose and life of the judgment against the garnishee is ended."

Inasmuch as a valid judgment against the principal defendant is essential both as a foundation for a judgment against the garnishee and for his protection, the garnishee is entitled to assert any defenses or objections to the proceedings against the principal defendant which are of a jurisdictional character or which render the judgment void.

Having decided these propositions, it becomes unnecessary to discuss and decide the many numerous propositions submitted by appellant and appellee in their briefs.

Finding no error in the action of the district judge in vacating the judgment theretofore rendered by him, his order vacating the judgment will be sustained. It is so ordered.

WATSON, C. J., and SADLER, HUD-SPETH, and BICKLEY, JJ., concur.