178 P.2d 581

**FIRST NAT. BANK IN ALBUQUERQUE v. TANNEY.**

No. 4971.

Supreme Court of New Mexico.
March 20, 1947.

Murphy & Nohl, of Albuquerque, for appellant.

Frank M. Mims, and Rodey, Dickason & Sloan, all of Albuquerque, for appellee.

LUJAN, Justice.

The appellant, defendant below, seeks the reversal of a judgment finding him guilty of unlawful detainer, claiming the evidence was insufficient to support the findings of fact made by the trial court. The findings were that the appellee was the owner of an office building in which the appellant was a tenant from month to month, and that he refused to vacate the premises after a statutory notice to do so.

Defendant's assignments of error are:

"1. That the court erred in overruling defendant's and appellant's motion for judgment at the conclusion of plaintiff's case, in that plaintiff failed to allege in his complaint and failed to prove that it was at any time lawfully entitled to possession of the premises.

"2. That the court erred in denying defendant's and appellant's motion for judgment in that plaintiff filed its complaint on one theory of law and fails to involve facts sustaining that theory.

"3. That the court erred in concluding as a matter of law, that the defendant was guilty of unlawful detainer.

"4. The court erred in overruling defendant's motion to dismiss.

"5. The court erred in concluding as a matter of law, that the tenant was a tenant from month to month.

"6. The court erred in failing to find that defendant was holding over after a lease for a term of years.

"7. The court erred in finding that defendant abandoned his lease."

It appears from the record that upon the overruling of his motion he pleaded to the merits, and issue being joined thereon, the cause was tried by the court without a jury. It was his option to have stood upon his motion, but this he declined to do, and by pleading to the merits and allowing evidence to be introduced on the point complained of, the proof offered supplied the want of accuracy of allegation, which was admitted without objection, thus he must be deemed to have abandoned the same. Springer v. Wasson, 25 N.M. 379,

183 P. 398; Thayer v. D. & R. G. R. Co., 21 N.M. 330, 154 P. 691; Pople v. Orekar, 22 N.M. 307, 161 P. 1110.

The defendant next urges that he is holding over under the original lease and therefore he is a tenant from year to year.

 It is essential for the formation of lease that all the essentials of a contract must be present. The very first requisite is that there must be a meeting of the minds—an offer, and an acceptance of the terms of that offer. That there was no such agreement here is shown by the testimony of the defendant, who seeks to uphold his tenancy under the original lease. Under the circumstances it is impossible to find the elements of a valid contract under which he claims to be holding over, and it was not error to permit the restitution and damages allowed the plaintiff by the court.

Here all the elements of a valid agreement are lacking, common parties, a subject matter particularly described, a definite term, its beginning and ending fixed and the amount of rent with terms of payment.

 It but remains to determine what relation, if any, existed between the parties to this action. The law upon this point is succinctly stated in 35 C.J. beginning on page 1105. By paying a monthly rent defendant, then, became a tenant from month to month. 35 C.J. 1106. This is the only legal construction which the facts will permit. See Hand v. Knaul, 116 Misc. 714, 191 N.Y.S. 667; Schloss v. Huber, 21 Misc. 28, 46 N.Y.S. 921.

 Plaintiff invokes the provisions of Section No. 38-919, 1941 Comp., as a basis for the request that we remand the cause to the district court with instructions to enter judgment against defendant, not alone for the original amount of the judgment in its favor but also for double the actual rental value of the premises as found by the court from the date of rendition of judgment in the district court to the time of delivery of possession to plaintiff. Our Supreme Court Rule 1941 Comp., Section 19-201, rule 17, subd. 5, authorizes the remand of the cause with direction to the district court to enter judgment against defendant and the sureties on his supersedeas bond for the amount of the judgment affirmed against him. This Rule is also cited by defendant. We have no record of any supersedeas bond given in connection with this appeal. If one was given in the district court and not shown in the transcript, the appellee will have his remedy on it by suit as the statute relied upon provides.

Finding no error, the judgment will be affirmed, and it is so ordered.

BRICE, C. J., and SADLER and McGHEE, JJ., concur.