226 P.2d 99

## WEDGWOOD v. COLCLAZIER.

### No. 5310.

Supreme Court of New Mexico.

Jan. 3, 1951.

Quincy D. Adams, Albuquerque, for appellant.

Albert R. Kool, Richard M. Krannawitter, Albuquerque, for appellee.

LUJAN, Chief Justice.

Action to recover damages for personal injuries suffered by plaintiff and alleged to have been caused by defendant's negligence. The case was tried to the court without a jury and it found the issues in favor of the plaintiff and assessed his damages at

$1700.00. The defendant appeals. The respective parties are herein referred to by their designation in the court below.

The complaint attributed the accident and resulting injury to the negligence of the defendant in the operation of his truck in such manner as to cause the chain attached to the caterpillar to break, hurling it and the block against the plaintiff's right leg with such force as to fracture it.

The answer was a general denial. By way of further defense it alleged that, assuming the defendant was negligent, the plaintiff's own negligence proximately contributed to his injury and resulting damage.

The defendant owned and operated a cattle ranch near Grants, New Mexico. The plaintiff was employed by him as a ranch hand. On June 19, 1949, the defendant requested the plaintiff and one Earl L. Hovenden to go with him some six miles from the ranch house to assist in extricating a caterpillar which had been stuck in the mud at a dirt water tank belonging to the plaintiff. The plaintiff, together with Earl L. Hovenden and J. L. Thatcher, who were not employees of the defendant, accompanied him to the tank. Two days before the accident occurred an attempt had been made to extricate the caterpillar without success. At that time the block and tackle had been rigged up by the plaintiff and Cecil Colclazier.

The court made the following findings of fact:

"2. That on the 19th day of June, 1949 plaintiff was an employee of the defendant, and on said date, while acting in the course of his employment, plaintiff was injured.

"3. That on the 19th day of June, 1949, and at the time of said injury, defendant was attempting to withdraw a caterpillar tractor from the mud with a heavy truck by using block and tackle and, without warning to plaintiff, so carelessly and negligently manipulated said truck as to cause the chain to break and the block to strike plaintiff on the right leg.

"5. That defendant's negligence was the proximate cause of the injury to plaintiff.

"6. That plaintiff was not negligent."

All assignments of error are predicated upon the making and refusal to make certain findings of fact and conclusions of law.

(1) The propriety of the findings made and those refused depended upon the view of the facts which the court took. As the matter presents itself to us, we have but to decide, therefore, whether there is evidence in the record, which, if believed by the trial court, was sufficient basis for the findings.

The following diagram, Exhibit 1, being a photostatic facsimile of the original, portrays and explains the evidence. Evidence adduced in the trial tended to prove the following:

When the parties arrived at the scene of the accident the defendant ordered the plaintiff and Earl L. Hovenden to try and get the motor on the caterpillar started. That after trying for about an hour they were unable to do so. The defendant then requested the plaintiff to connect the chain, which was already attached to the caterpillar, to the block and tackle. After this was done the defendant ordered the plaintiff to block the wheels when he came to a stop so as to keep the truck from rolling back. In compliance with such request the plaintiff picked up a cedar post which was approximately six inches in diameter and six feet long which he used to block the wheels whenever the truck started rolling back. This procedure was followed for about thirty minutes. Each time the truck came to a stop it would roll back about two feet before the post was placed under the left wheel. On the last attempt prior to the accident the truck rolled back over the post about ten feet breaking it, and finally coming to a stop at the edge of the tank. On this occasion the slack on the cable was not taken up. The truck having been stopped for a few minutes the plaintiff thought that the defendant would wait until he got another post so he started across over the cable, when without warning the defendant took a quick run and when he reached the end of the cable it snapped and the pulley and block flew back and struck the plaintiff on the leg.

▉ It would serve no useful purpose for us to quote all of the testimony. Suffice it to say that we have carefully read the entire record and find facts and circumstances in evidence from which the trial court might properly have drawn the conclusion that the defendant was negligent in the operation of his truck which was the proximate cause of the injury and that the plaintiff was free from any negligence.

▉ The requested findings are a challenge to the sufficiency of the evidence to sustain the findings made by the court. It is sufficient to say that the court could not make the findings because they would be inconsistent with the findings which the court did make upon the facts adduced at the trial. The same may be said as to the defendant's objection to the findings which were made by the court. They were based upon substantial evidence, and will, of course, not be disturbed in this court.

Finding no error the judgment is affirmed, and it is so ordered.

SADLER, McGHEE and COMPTON, JJ., concur.

COORS, J., not participating.