359 P.2d 767

ST. PAUL FIRE AND MARINE INSUR-
ANCE COMPANY, a corporation, and the
Archdiocese of Santa Fe and Montezuma
Seminary, Plaintiffs-Appellants,

v.

Houston RUTLEDGE and M. T. Hawks,
Defendants,

and

State Farm Mutual Automobile Insurance
Company, Garnishee-Appellee.

No. 6821.

Supreme Court of New Mexico.

Feb. 23, 1961.

Sheehan & Duhigg, Albuquerque, for appellants.

Bingham & Klecan, Albuquerque, for appellee.

COMPTON, Chief Justice.

This is an appeal from a judgment sustaining the garnishee's attack on the judgment out of which the garnishment proceedings issued.

The facts are not disputed. The defendant Rutledge negligently drove an automobile owned by the defendant Hawks into a trailer owned by plaintiffs, Montezuma Seminary and Archdiocese of Santa Fe, and as a result of which these plaintiffs sustained damages in amount of $692.41. St. Paul Fire and Marine Insurance Company, the plaintiffs' insurer, having paid $415.91 for damages to the trailer, joined as a party plaintiff.

The complaint alleges that Rutledge is a resident of May, Texas, and that Hawks is a resident of Oklahoma City, Oklahoma. Based solely on these allegations as to residence, the court entered an order that "adequate showing having been made to the Court that the defendants herein are nonresident operators and owners of a motor vehicle within the meaning and contemplation of Section 64–24–3 and Section 64–24–4, New Mexico Statutes, Annotated, and said verified Complaint having further shown all the facts required to be shown by the said Sections of the New Mexico Statutes" and that process be made upon the defendants by service upon the Secretary of State of the State of New Mexico as provided by the statutes.

The pertinent statutes, §§ 64–24–3 and 64–24–4, 1953 Comp. read:

64–24–3. "The acceptance by nonresidents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state of New Mexico, or the operation by a nonresident, or his * * * agent, of a motor vehicle on the said highways, other than under said laws, shall be deemed equivalent to an irrevocable appointment by such nonresident, * * * of the secretary of state of the state of New Mexico, * * * to be his true and lawful agent, upon whom may be served all lawful process in any action or proceeding against said nonresident, growing out of any accident or collision in which said motor vehicle may be involved, while same is operated in the state of New Mexico by said nonresident, or by his * * * agent; and said acceptance or operation of said vehicle shall be signification of his agreement that any such process against him, * * which is so served on the secretary of state shall be of the same legal force and validity as if served upon him personally, * * * within the state."

64–24–4. "The manner of procuring and serving process in any cause, brought pursuant to the preceding section [64–24–3], shall be as follows, to wit:

"The plaintiff shall file a verified complaint in * * * the district courts of the state, showing a cause of action against the defendant, * * * of the class contemplated in section one

(68–1003[64–24–3] ) hereof; and shall further show in said complaint, or by affidavit, to the satisfaction of the judge of said court, that the defendant, * * is one * * * of the persons contemplated in section one (68–1003[64–24–3] ), and the residence of said defendant, * * * Upon such showing being made, the judge shall make an order, directing that service of process be made on the defendant, * * * as provided in section one (68–1003[64–24–3] ) hereof; and, also, that a copy of the process, and complaint, and of said order, and a notice that the same has been served upon the secretary of state, pursuant to this act (68–1003, 68–1004[64–24–3, 64–24–4] ), be delivered to the defendant personally, * * without the state. * * * "

The defendant Hawks entered a general appearance. The defendant Rutledge was personally served with copies of the summons, complaint and the above order in the State of Texas. At the trial, the defendant Hawks, having satisified the court that he was free from negligence, was discharged from liability and the cause was dismissed as to him. No appeal was taken from the ruling of the court; however, judgment was entered against the defendant Rutledge for the damages sustained.

Subsequently, upon the plaintiffs' application, a writ of garnishment was issued directed to the garnishee to answer under oath what, if anything, it was indebted to the defendant Rutledge. The garnishee responded by a motion to dismiss the writ on the ground that the judgment was void because the court had not acquired jurisdiction of the person of the defendant Rutledge in the original proceeding.

Some time after the filing of the motion to dismiss, the garnishee caused to be filed in support of its motion an affidavit of the defendant Rutledge to the effect that at the time of the alleged collision, and prior thereto, he was a resident of the City of Albuquerque, New Mexico. In due time, the motion was heard and the court entered judgment, the pertinent provision of which reads: "the Court having considered the Affidavit in support of the Motion and having heard the arguments of counsel and being advised in the premises, Finds that the Motion should be granted." The garnishment proceedings were dismissed, and the plaintiffs appeal.

■ It is first contended by the appellants that the judgment cannot be questioned collaterally. We think the rule is well established that every presumption not inconsistent with the record is to be indulged that the court had jurisdiction of the subject matter and of the parties, and that all facts necessary to give the court jurisdiction to render the judgment existed, but where lack of jurisdiction affirmatively appears on the face of the judgment, or the judgment roll or record, the presumption

is not conclusive and the judgment is open to collateral attack. Atlantic Refining Co. v. Jones, 63 N.M. 236, 316 P.2d 557; Kutz Canon Oil & Gas Co. v. Harr, 56 N.M. 358, 244 P.2d 522; Bounds v. Carner, 53 N.M. 234, 205 P.2d 216; McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970.

■ Turning to the record; the record is convincing that the court was without authority or power to enter the judgment. The complaint simply states that the defendants were nonresidents; that was not enough. To confer jurisdiction under the statute not only must a cause of action be stated in a complaint but a plaintiff "shall further show in his complaint, or by affidavit" that a defendant was a nonresident owner or operator as contemplated by § 64-24-3 at the time of the accident or collision, Fisher v. Terrell, 51 N.M. 427, 187 P.2d 387. The record having failed to show such fact, jurisdiction to enter the judgment was never acquired by the court. Walter v. Richardson, 62 N.M. 152, 306 P.2d 643; Mares v. Schuth, 38 N.M. 101, 28 P.2d 527, 92 A.L.R. 567. Also see note 41 A.L.R.2d 1093, 1143.

■ It is clearly apparent that the court gave considerable weight to the affidavit of the defendant Rutledge. Appellants strenuously insist that it was error to consider the affidavit. We do not agree. Lack of jurisdiction is manifest from the record, aside from the affidavit, and the appellants were not prejudiced thereby. However, it is not amiss to say that in all trials the testimony of witnesses must be taken orally in open court, unless otherwise provided, § 21-1-1(43) (a), 1953 Comp.; but there are numerous exceptions to the statute, and in this instance § 64-24-4 itself provides for the use of affidavits, and § 21-1-1(43) (e) provides for affidavits in support of motions.

The judgment should be affirmed and It Is So Ordered.

CHAVEZ and MOISE, JJ., concur.

CARMODY and NOBLE, JJ., not participating.