382 P.2d 180

David ROZELLE and Rexford A. Rozelle, Plaintiffs-Appellees,

v.

Joe BARNARD, d/b/a United Motor Exchange, and Public Finance Corporation, Defendants-Appellants.

No. 7198.

Supreme Court of New Mexico.

May 27, 1963.

R. Deane Moyer, Albuquerque, for appellants.

Dale B. Dilts, Albuquerque, for appellees.

CHAVEZ, Justice.

Suit was filed by David Rozelle and Rexford A. Rozelle, plaintiffs-appellees, against Joe Barnard, d/b/a United Motor Exchange, and Public Finance Corporation, defendants-appellants, to set aside a conditional sales contract, for a declaratory judgment, and for damages. Answer was filed by Public Finance Corporation. Bar-

nard did not answer. Thereafter, the trial court held a pretrial conference and, after hearing arguments of counsel and examining the pleadings and exhibits, entered a judgment canceling the conditional sales contract between David Rozelle and Public Finance Corporation and awarded judgment in favor of Joe Barnard, d/b/a United Motor Exchange, and against David Rozelle in the sum of $259.41. Joe Barnard appealed.

The trial court, to justify the judgment, stated that it took judicial notice that the following items were improperly charged to plaintiff, inasmuch as they were items which should have been included in the $179.50 to be paid for the rebuilt motor:

| | |
|---|---|
| Rebuilt heads | $20.00 |
| Labor on points | 2.50 |
| Clean and repair radiator | 14.50 |
| 1 set of gaskets | 15.20 |
| 1 set of lifters | 48.60 |

The trial court also took judicial notice that the defendant, Public Finance Corporation, had knowledge of the dispute between plaintiffs and the defendant, Joe Barnard, at the time of the execution of the conditional sales contract.

■ The doctrine of judicial notice is well intrenched in our judicial system, both by statute, § 21-1-1(44) (d), N.M.S.A., 1953 Comp., and by practice which has existed with respect to judicial notice since New Mexico became a territory of the United States. This court, since early territorial days, has expressed the view that courts will take judicial notice of matters of common and general knowledge. See cases cited 3 N.M.Dig., Evidence, pp. 827 et seq. and 1963 Supp. at 125–127. See also Mitchell v. Intermountain Casualty Company, 69 N.M. 150, 364 P.2d 856.

■ The matter of which a court will take judicial notice must be a subject of common and general knowledge. Waters-Pierce Oil Company v. Deselms, 212 U.S. 159, 29 S.Ct. 270, 53 L.Ed. 453. See also cases cited 20 Am.Jur., Evidence, § 18, p. 49. The matter must be known, that is well established and authoritatively settled. Thus, uncertainty of the matter or fact in question will operate to preclude judicial notice thereof. 20 Am.Jur., Evidence, § 19, p. 50.

■ We do not believe that local charges in Albuquerque for rebuilding a motor, repairing a radiator or the charges for labor, are of such common and general knowledge that they can be judicially noticed. Such matters require proof.

■ We also hold that the question of common and general knowledge of the dispute between plaintiffs and the defendant, Joe Barnard, at the time of the execution of the conditional sales contract, could not properly be resolved at the pre-trial conference, because this was a disputed issue of material fact and the parties did not

agree that there was no dispute on this issue. Buffington v. Continental Casualty Company, 69 N.M. 365, 367 P.2d 539; Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138.

The judgment is reversed and the cause remanded with direction that the judgment heretofore entered be set aside, and that the cause proceed to trial in a manner consistent with the views herein expressed. It is so ordered.

CARMODY and MOISE, JJ., concur.