398 P.2d 259

Tom F. RUTTER, Plaintiff-Appellant,

v.

Elizabeth R. RUTTER and Bancroft P. Smith, Defendants-Appellees.

No. 7491.

Supreme Court of New Mexico.

Nov. 9, 1964.

On Rehearing Jan. 11, 1965.

738

Willard F. Kitts, Albuquerque, for appellant.

J. D. Weir, J. R. Crouch, Las Cruces, for appellee Rutter.

E. Forrest Sanders, William W. Bivins, Las Cruces, for appellee Smith.

COMPTON, Chief Justice.

This appeal is from a judgment determining the property rights of the appellant, Tom F. Rutter, and of the appellee, Elizabeth R. Rutter, affirming the validity of certain trusts, and awarding costs and expenses to the appellee trustee, Bancroft P. Smith. The action for a divorce, an accounting and division of the property of the parties, was instituted by the appellant in May, 1961. No appeal is taken from an earlier decree awarding the appellant a divorce and the appellee Rutter the cus-

tody of the two minor children of the parties, and reserving for later consideration the disposition of the property of the parties. For convenience, Mr. Rutter will be referred to as the appellant, Mrs. Rutter will be referred to as appellee Rutter and the trustee will be referred to as appellee Smith.

The sequence of events will be of assistance. The Rutters were married in New Mexico in 1948. On November 23, 1951, after the appellant was recalled to the military service and just prior to being sent overseas he executed a general power of attorney appointing the appellee Rutter as his attorney in fact in which she was authorized to transfer personal and real property of any nature and to exercise general supervision and control over all of his property. Several months later appellee Rutter joined the appellant and they remained together in Germany until their return to New Mexico in July, 1954. In June, 1961, one month after suit was filed, the appellant's notice of revocation of the power of attorney was recorded in Dona Ana County.

On August 16, 1957, the appellant was seriously injured in an accident involving his automobile and a truck belonging to the United States Government. He received a brain injury and was hospitalized until about the middle of October, 1957. Then, except for brief periods of hospit-alization he was at home under medical care until May, 1958. Thereafter, and for most of the time until October, 1960, he was a patient in a sanitarium in Dallas, Texas, and in Albuquerque, New Mexico, primarily for psychiatric treatment.

On June 7, 1958, while appellant was in a sanitarium in Dallas, suit was filed in the United States District Court in Albuquerque in the names of appellant and appellee Rutter, seeking damages against the United States under the Federal Tort Claims Act for the injuries sustained by the appellant as a result of the accident. Following trial and on September 9, 1959, judgment was entered awarding damages to the appellant in the sum of $284,070.00. By a supplemental decision on September 21, 1959, various elements of the appellant's damage were itemized, as follows: for pain and suffering, $15,000.00; for past loss of earnings, $25,000.00; for future loss of earnings $12,500.00 per year for 25 years with appropriate deductions for income tax and discounting; for medical care and supervision $6,000.00 per year for a period of thirty years. The judgment was appealed.

On January 7, 1960, appellee Rutter caused to be recorded in Dona Ana County the power of attorney executed by the appellant in 1951.

On February 4, 1960, on petition of appellee Rutter the District Court of Dona

Ana County entered its order designating her as head of the marital community, the waiver of service and notice of the hearing thereon having been obtained from the appellant at the sanitarium in Dallas.

In September or October, 1960, the appeal of the United States was dismissed and the judgment was settled by check made payable to Tom F. Rutter in the total amount of $295,744.11, including interest from the date of judgment. Upon delivery of this check to appellee Rutter by her attorneys, and accompanied by one of them, she visited the appellant at the sanitarium in Albuquerque and obtained his endorsement on the check. Thereafter, she paid debts of the parties, including attorneys' fees and those arising out of the hospitalization, medical care and treatment of the appellant.

On October 17, 1960, with the balance of $198,000.00 from the amount of the judgment appellee Rutter created the following four irrevocable trusts, in which appellee Smith was named trustee: Tom F. Rutter trust in the amount of $120,000.00; Elizabeth R. Rutter trust in the amount of $57,850.00; Susan Elizabeth Rutter trust in the amount of $10,075.00; George Matthew Rutter trust in the amount of $10,075.-00, the latter two named being the minor children of the parties.

The trial on the present issues was heard by the court on the appellant's amended complaint joining the trustee, appellee Smith, in which it was alleged, among other things, that the order entered by the district court of Dona Ana County appointing appellee Rutter as head of the marital community was void; that at the time she recorded the power of attorney it had long since served its purpose and had become functus officio; that upon receipt of the proceeds of the judgment appellee Rutter had expended them, without his knowledge and consent, for debts and in the execution of the four declarations of trust, and that no accountings had been made to him by either of the appellees. He prayed for an accounting of all funds which the appellees had received and held up to the time of trial, of all community property accumulated by the parties and held by appellee Rutter, and of all community property paid for from the proceeds of the federal judgment; that the declarations of trust be revoked and the principal amounts thereof be turned over to the appellant or to a court-approved trustee; that appellee Rutter be required to deliver to the appellant any and all property and funds which she had received and retained for and on his account; for an equal distribution of the community property, and for costs.

The answer of appellee Rutter, in substance, denied that any funds were expended by her without the knowledge and approval of the appellant, or that account-

ings had not been made to him, and she relied on the power of attorney and her designation as head of the marital community as authority for her use of all funds. In addition, she counterclaimed for support for the minor children and for alimony. The answer of appellee Smith alleged full knowledge of the trusts by the appellant and full and complete accountings to his attorneys.

The court found that the power of attorney executed in 1951 remained in full force and effect from its date of execution until revoked in June, 1961, and that thereunder appellee Rutter had full authority to act with respect to all the appellant's property; that under her appointment as head of the marital community she had authority to act with respect to the community property; that under the power of attorney and as head of the community, and individually, she acted in good faith in setting up the four irrevocable trusts; that full and complete accountings were made of all of the property; that the appellant is competent to act on his own behalf and has never been declared to be incompetent to manage his own affairs and that he endorsed the check representing the federal judgment of his own free will and has continuously received benefits from the Tom F. Rutter trust without any protest; that appellee Smith was duly appointed as trustee of the trusts, has diligently carried out his duties and rendered accountings, and is entitled under the trusts to attorneys' fees and expenses and to his own fees and expenses. Judgment was entered in accordance with the findings and appellant is here seeking review of alleged errors.

Various points have been advanced and argued by the appellant as grounds for a reversal and new trial. The basic issue, however, is whether the power of attorney had expired or terminated prior to its revocation by appellant in 1961.

We think the law is well settled that a change in the status of the principal or agent may operate to terminate an agency relationship before the execution of the agency. See Scudder v. Hart, 45 N.M. 76, 110 P.2d 536. But where no time is specified for termination or expiration of the relationship, the authority to act thereunder terminates at the end of a reasonable time.

At 3 Am.Jur.2d (Agency) § 34, the general rule is stated thusly:

"The relation of principal and agent can be terminated only by the act or agreement of the parties to the agency or by operation of law.

"When once shown to have existed, an agency relation will be presumed to

have continued, in the absence of anything to show its termination; and the burden of proving a revocation or other termination of an agency is on the party asserting it."

Also at 3 Am.Jur.2d (Agency) § 35, the rule is otherwise stated:

\* \* \* \* \* \*

"If no time is specified for the termination of the agency, it is generally held that the contract and authority thereunder may be cancelled and revoked after the expiration of a reasonable time. If the contract is indefinite, the determination of what constitutes a reasonable time will depend upon the facts and circumstances of the particular case. In canceling an agency for an indefinite term, notice to the other party is generally required."

What constitutes a reasonable time under the conditions prevailing here, was a matter within the province of the trial court to determine. An examination of the record fails to indicate anything appellant did to terminate the authority given until he effectively revoked it in 1961. While on the the other hand, there is evidence that by authority of the relationship, appellee exercised power thereunder some fifty or more times before it was revoked; for a few instances, she filed tax returns, registered property of the parties, secured veterans exemption, and handled insurance premiums.

We conclude that the findings of the trial court are amply supported by substantial evidence and the findings afford ample support for the court's conclusions. It follows that it was not error to refuse the appellant's requested findings and conclusions to the contrary. Herrera v. C. & R. Paving Company, 73 N.M. 237, 387 P.2d 339.

There is also no merit to the appellant's contention that the court erroneously excluded evidence of his incompetency or mental incapacity at various times including the time of appellee Rutter's appointment as head of the marital community. Such evidence was properly rejected not only as being outside of the issues raised by the pleadings but it amounted to a collateral attack on a final decree designating appellee Rutter as head of the community. McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970; St. Paul Fire and Marine Insurance Co. v. Rutledge, 68 N.M. 140, 359 P.2d 767.

Accordingly, it makes no difference and we do not pass on whether all or any part of the proceeds of the judgment was separate or community property; if separate, appellee Rutter had as her authority the power of attorney herein held valid and

in full force; if community, she had power to act under the decree designating her as the head of the marital community. No question is raised concerning appellee Rutter's powers thereunder.

The conclusion announced also disposes of the appeal challenging the award by the court of fees and expenses to appellee Smith.

The judgment below is affirmed. It is so ordered.

NOBLE and MOISE, JJ., concur.

ON MOTION FOR REHEARING

COMPTON, Justice.

Treating the motion for rehearing as having been granted, after further consideration the same is found to be without merit and should be denied.

█ It now appearing that the original opinion filed herein failed to dispose of appellees' requests for fees for the services of their attorneys in this court; for such services appellee Rutter should be awarded the sum of $1,000.00 and appellee Smith should be awarded the sum of $500.00, both awards payable by Tom F. Rutter or from the Tom F. Rutter trust.

It is so ordered.

NOBLE and MOISE, JJ., concur.