414 P.2d 219

Benjamin K. HORTON, L. D. Barbour and
Stephen Beitch, Plaintiffs-Appellants,

v.

DRIVER–MILLER PLUMBING, INC., a New
Mexico Corporation, Defendant-Appellee.

No. 7800.

Supreme Court of New Mexico.

May 9, 1966.

Horton & Kirk, Albuquerque, for appellants.

Knight & Sullivan, Albuquerque, for appellee.

LaFEL E. OMAN, Judge, Court of Appeals.

The plaintiffs have appealed from a judgment in favor of the defendant entered pursuant to the decision of the trial court made at the close of the trial upon the question of liability.

The appellants are the builders and owners of an apartment house in Roswell, New Mexico, and the appellee was the plumbing subcontractor on the construction of this apartment house. The appellants were represented by their general contractor throughout the negotiations which culminated in a partially written and partially verbal contract for the installation by the appellee of certain plumbing and heating equipment in the apartment house.

The particular items installed by the appellee under its contract, and with which we are here concerned, are some copper water pipes, in which pinhole leaks began to develop some four or five months after construction of the apartment house was completed, and five water heaters, four of which began causing some trouble several months after their installation and which were eventually replaced.

Although the written plans and specifications called for galvanized water pipe, it was expressly agreed between the parties that the appellee could substitute therefor a good grade of copper pipe, or other pipe equivalent to galvanized pipe. No particular type or weight of copper pipe was specified. The particular copper pipe or tubing installed by appellee was of two types, and such are referred to as Type "K" and Type "L." The only difference between these two types of copper tubing is that the wall thickness of Type "K" is greater than that of Type "L."

The appellants brought suit for damages predicated upon the theories of alleged breaches by the appellee of both express and implied warranties of fitness of the pipe and heaters for the uses intended, and negligence by the appellee in the installation of defective pipe.

The appellants rely on two points for reversal. Their position under point I is that certain findings of fact made by the trial court are not supported by substantial evidence, that the court erred in not making certain findings requested by appellants and which are inconsistent with those made by the court, and that the court erred in not concluding that appellants were entitled to recover. Their second point is that the undisputed facts required the court to infer that the leaks in the pipe were "caused by defective pipe."

■ A review of the evidence, together with all reasonable inferences to be drawn therefrom, convinces us that the findings which have been attacked are supported by substantial evidence, and are, therefore, the facts to be considered by this court on appeal. American Hospital and Life Insurance Co. v. Kunkel, 71 N.M. 164, 376 P.2d 956; Hoskins v. Albuquerque Bus Co., 72 N.M. 217, 382 P.2d 700.

■ It follows logically that requested findings of fact, which are inconsistent with findings made by the trial court and which findings are supported by substantial evidence, are properly refused. Wedgwood v. Colclazier, 55 N.M. 32, 226 P.2d 99; Bogle v. Potter, 72 N.M. 99, 380 P.2d 839; Jackson v. Goad, 73 N.M. 19, 385 P.2d 279; Sterling v. B. & E. Constructors, Inc., 74 N.M. 708, 397 P.2d 729; Rutter v. Rutter, 74 N.M. 737, 398 P.2d 259.

Appellants argue at some length that the pipes and water heaters installed by appellee were impliedly warranted as being fit and proper for their intended uses, and that because troubles developed, and particularly because leaks developed in some of the water lines within about four or five months after construction was completed, the court should have taken judicial notice that water pipes in such a building are permanent, or semi-permanent fixtures, and thus these pipes failed to comply with the warranty.

Appellants offered no evidence as to why the pinholes did develop in some of the pipes. There is no evidence that either the Type "K" or Type "L" pipe used by the appellee was in any way inferior in grade or quality. There is evidence that both types have been used extensively in Roswell. And there is evidence that the pipe used is the equivalent of galvanized pipe. There is no evidence that the heaters were of a defective make or design, or were inadequate for the purposes intended. No evidence was offered as to the nature of or reasons for the troubles with the water heaters.

■ Courts may take judicial notice of facts which are self-evident, or which are commonly and generally known and which are capable of immediate and accurate verification by resort to readily accessible sources of unquestionable accuracy. Johnson v. Mercantile Ins. Co. of America, 47 N.M. 47, 133 P.2d 708; Rivera v. Ancient City Oil Corporation, 61 N.M. 473, 302 P.2d 953; Rozelle v. Barnard, 72 N.M. 182, 382 P.2d 180; Hunter v. New York, O. & W. Ry. Co. (1889), 116 N.Y. 615, 23 N.E. 9, 6 L.R.A. 246; Communist Party of United States of America v. Peek, 20 Cal.2d 536, 127 P.2d 889; Kent v. Miller, 167 Va. 422, 189 S.E. 332; Estate of McNamara, 181 Cal. 82, 183 P. 552, 7 A.L.R. 313.

■ Assume, for the sake of argument, that we agree with appellants' contention that the court should have taken judicial notice that water pipes in houses or buildings are permanent, or semi-permanent fixtures, which should last for many years; still this fact and the fact that some pinhole leaks developed within four or five months do not compel a conclusion that the pipes were, therefore, unfit for the purpose intended, and consequently failed to comply with the implied warranty of fitness. There are other causes of leaks in water pipes besides a defect in the pipe itself, and a determination of the cause of leaks in a particular instance is a matter of proof.

■ There is evidence in the record that the failures may have been due to a peculiar water content which developed in at least some areas of the city of Roswell after the year 1956, but no finding was made or requested relating to the cause or causes of the leaks, but only that the leaks developed. In any event, the cause or causes of leaking pipes in the city of Roswell, and particularly in the pipes in question, are not matters of such common knowledge that the court could properly have taken judicial notice thereof. See Rozelle v. Barnard, supra. Absent proof or judicial notice of this cause, the essential step of causation between the product and its failure is missing.

■■ It is undisputed that the use and installation of the particular copper tubing by appellee was in compliance with both the

state plumbing code and the plumbing code of the city of Roswell. The installation was approved by the plumbing inspector and was accepted by appellants' general contractor. The trial court expressly found that the appellants "failed to show a breach of warranty on the part of the defendant." This particular finding is not one of those which appellants specify as being unsupported by the evidence. A finding not specifically attacked and set aside by this court is conclusive on appeal. Swallows v. Sierra, 68 N.M. 338, 362 P.2d 391; Hinkle v. Schmider, 70 N.M. 349, 373 P.2d 918; Hindi v. Smith, 73 N.M. 335, 388 P.2d 60.

Appellants' point II is that "the undisputed facts of the record required the Court to infer that the leaking in the pipe supplied by the Defendant was caused by the defective pipe and the defective pipe was the proximate cause of the leaking."

Appellants' entire argument under this point is that the appellee used Type "L" pipe, and had it used Type "K," the leaking would not have developed, or would have been less likely to develop.

■ The evidence is that both Type "K" and Type "L" pipes were used by appellee. The trial court so found, and further found that such had no defects therein, that the same conformed to the plumbing code of the state of New Mexico, and that such is the equivalent of galvanized pipe. Although the appellant did offer evidence from which it might reasonably have been inferred that "L" Type pipe was less satisfactory than Type "K," there is also substantial evidence to support the findings of the trial court that both "K" and "L" Types are in use in the city of Roswell and that both have developed leaks with no appreciable differences between them.

■ On appeal, the evidence must be viewed in the light most favorable to support the findings and judgment. Tidwell v. Reeder, 56 N.M. 617, 247 P.2d 860; Beyer v. Montoya, 75 N.M. 228, 402 P.2d 960.

The other matters argued by appellants have been considered and found to be without merit.

The judgment of the trial court should be affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.