**Dale E. THOMPSON, Appellant,**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Appellee.**

**No. 9550.**

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1968.

H. Corkey Bishop, Tulsa, Okl., Robert M. Tawney, Broken Arrow, Okl., and Leonard Geb, Ponca City, Okl. (Park & Tawney, Broken Arrow, Okl., on the brief), for appellant.

Melvin F. Pierce, Oklahoma City, Okl. (Clayton B. Pierce, Oklahoma City, Okl., on the brief), for appellee.

Before HILL and SETH, Circuit Judges, and DOYLE, District Judge.

HILL, Circuit Judge.

In the trial court appellant, as plaintiff in a removed garnishment proceeding, sought to recover on a judgment in the amount of $35,000.00, together with costs and interest. Appellee insurance company prevailed there and this appeal followed. The sole question presented concerns the validity of the judgment sued upon which had been obtained by appellant in a state court against the non-existing "Engine Propulsion Corporation." Appellee had provided a company named Propulsion Engine Corporation with product liability insurance, thus the garnishment nature of the action here.

The record before us shows that by the pre-trial order and "Agreed Statement of Facts" the following facts were presented to the trial court without dispute. From these undisputed facts and apparently by agreement between counsel, the court proceeded to determine first the validity of the state court judgment which was the basis for the garnishment proceedings. In substance, these agreed facts are: That Propulsion Engine Corporation was legally terminated as a corporation on December 31, 1959, according to the records of the Secretaries of State of the States of Wisconsin and Missouri, the latter being the place of incorporation; that the state court suit was instituted by Dale Thompson in the Superior Court of Seminole County, Oklahoma, on April 22, 1963, with Otasco Corporation being the defendant and the plaintiff as seeking damages in the amount of $9,000.00; on June 7, 1963, by an amended petition Propulsion Engine Corporation was substituted as the defendant in the suit; a praecipe was filed in the case and a summons issued under Title 18 O.S.A. § 1.204a[1] notifying "Engine Propulsion Corporation, 311 Marion, South Milwaukee, Wisconsin" through the office of the Secretary of State of Oklahoma, of the suit; on June 10, 1963, the Secretary of State for the State of Oklahoma was served by mail with this summons and on the same day he mailed the notice as required by the statute to the Secretary of "Engine Propulsion Corporation" at the address shown upon the summons and accompanying the summons was a copy of the amended petition; subsequently the envelope unopened addressed by the Secretary of State to the Secretary of Engine Propulsion Corporation was received by the Secretary of State of Oklahoma

1. The pertinent part of 18 O.S.A. § 1.204a is as follows:

"* * *.

"(b) In all cases where a cause of action has accrued or shall accrue to any person by reason of a foreign corporation doing business in this State, or having done business in this State, and such foreign corporation has removed or withdrawn from this State prior to August 7, 1947, service of summons or other process may be had upon the Secretary of State, and such service shall be sufficient to give jurisdiction of the person to any court in this State having jurisdiction of the subject matter whether sitting in the County where the Secretary of State is served or elsewhere in the State. Within three (3) days after such service upon the Secretary of State as aforesaid, it shall be the duty of the Secretary of State to notify such foreign corporations thereof by registered letter, (with request for return receipt) directed to such corporation at its office as shown by the articles of incorporation or charter or by the latest information officially filed in the office of the Secretary of State, in which letter shall be enclosed copy of the process or other papers served, and it shall be the duty of the plaintiff in any action in which said process shall be issued to pay to the Secretary of State for the use of the State, the sum of Three Dollars ($3.00) which shall be taxed as part of the taxable costs in said suit if plaintiff prevails therein. * * *. "* * * *."

and stamped thereupon by the Post Office Department were the words "unclaimed" and "out of business"; on August 20, 1963, the petition in the action was again amended with leave of the court increasing the prayer for damages from $9,000.00 to $75,000.00; neither the named defendant Engine Propulsion Corporation nor Propulsion Engine Corporation made any appearance in the suit; on June 21, 1964, a judgment was rendered in the matter in the amount of $35,000.00 for Dale E. Thompson and against "Engine Propulsion Corporation per Journal Entry"; thereafter an execution was issued and on the same date the Sheriff made his return stating thereupon "No property found in my County"; on January 11, 1966, the present garnishment proceedings were commenced by counsel, naming the appellee insurance company as garnishee; appellee filed an answer to the garnishment and denied any liability; and thereafter the cause was removed to the United States District Court for the Eastern District of Oklahoma by appellee.

 At the outset appellant urges that this is a collateral attack upon the state court judgment and that appellee cannot make such an attack. Such is the general rule of law but it has no application to situations, such as we have here. A valid judgment is a prerequisite to a garnishment proceeding. The garnishee may properly show that the judgment sued upon is not valid for jurisdictional reasons.[2] Appellee's attack upon the judgment here was upon jurisdictional grounds and, as such, the trial court properly permitted it.

 This judgment, upon the agreed facts, is so patently invalid little need be said about it. A statute such as 18 O.S.A. § 1.204a providing that service may be had on a state official as agent for a foreign corporation doing business within the state is constitutional yet this service is such a radical departure from the ordinary method of procedure whereby jurisdiction is obtained over a defendant that there must be strict and absolute compliance with the provisions of the statute. Fletcher, Vol. 18, Cyclopedia Corporations, § 8741. The summons sent to the Oklahoma Secretary of State named "Engine Propulsion Corporation" as the defendant and the corporation upon which service was sought. No summons was ever issued and served upon the Secretary of State naming Propulsion Engine Corporation as the defendant. No attempt was ever made by the Oklahoma Secretary of State or anyone else to notify Propulsion Engine Corporation that it had been sued and Propulsion made no appearance of any kind in the suit. Had Propulsion been notified in some manner of the suit the mistake in the corporate names may not of had any great significance.[3] But in the absence of any kind of notice to Propulsion the use of an incorrect corporate name can mean only that the process issued by appellant did not serve to bring any corporate entity into the jurisdiction of the court. To say that the state court had proper jurisdiction in such a case would be a travesty on all notions of due process. Additionally, it should also be noted that, as recited by the agreed facts, the judgment in question was rendered "against Engine Propulsion Corporation as per Journal Entry"

2. Friedman v. First National Bank, 39 Okl. 486, 135 P. 1069, 49 L.R.A.(N.S.) 548; L. C. Jones Trucking Co. v. Superior Oil Co., 68 Wyo. 384, 234 P.2d 802; Mares v. Schuth, 38 N.M. 101, 28 P.2d 527, 92 A.L.R. 567.

3. The facts show that the letter giving notice that summons had been served on the Secretary of State was returned unopened and marked "unclaimed" and "out of business." This indicates that Propulsion's lack of notice was a re-

sult of its termination rather than the misnomer as the summons had the correct address for Propulsion. Nonetheless the fact remains that for whatever reason the summons was returned unopened and Propulsion had no actual notice. The general rule of law is that a misnomer in service of process is immaterial if service is duly made. See Corporations, 19 Am.Jur.2d, § 1470. From the facts of this case it is clear that service was not duly made.

and not against Propulsion Engine Corporation. See Judgments, 30A Am.Jur., § 108.

Both parties raise additional points here which we do not deem it necessary to discuss or determine.[4] We simply hold, for the reasons stated, that appellant, Thompson, did not have a valid state court judgment against Propulsion Engine Corporation and therefore this garnishment proceeding must fail.

Affirmed.

4. The major issue raised by the parties was the effect of the termination of Propulsion as a corporation under Missouri law. Appellee argues that this makes any judgment rendered against the corporation a nullity. As we find that there was improper service and thus no original jurisdiction, we do not reach the above question.