448 P.2d 483

C. V. HOKE and Nanette Hoke, Plaintiffs-Appellees,

v.

Pauline BROWN and Jack Tidwell, Defendants-Appellants.

No. 193.

Court of Appeals of New Mexico.

Nov. 27, 1968.

David W. Bonem and Wesley Quinn, Quinn & Bonem, Clovis, for defendants-appellants.

Fred C. Tharp, Clovis, for plaintiffs-appellees.

## OPINION

ARMIJO, Judge.

By action for unlawful detainer, appellees recovered possession of real property from and were awarded damages against appellants.

Appellants claim the trial court erred because one of the findings made was not supported by substantial evidence and because of failure to adopt requested findings favorable to them.

The trial court found that at all times material to the action appellees were the owners of the real estate in question and appellants occupied such premises against the will of appellees and refused to vacate following notice to quit.

Appellants challenge the following finding made by the trial court:

"The defendants had and have no lease or consent of plaintiffs with respect to their occupancy of said property."

and assert that a valid lease was in existence between the parties. In Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct.App. 1967) it was said:

"Findings and judgment of the trial court supported by substantial evidence will not be disturbed on appeal. Gilmer v. Gilmer, 77 N.M. 137, 419 P.2d 976 (1966); Brown v. Martinez, 68 N.M. 271, 361 P.2d 152, 100 A.L.R.2d 1012 (1961). The evidence must be viewed in the most favorable light to support the findings, and an appellate court will reverse only if convinced that the findings, thus viewed, together with all reasonable inferences to be drawn therefrom, cannot be

sustained by the evidence. Varney v. Taylor, 77 N.M. 28, 419 P.2d 234 (1966); Horton v. Driver-Miller Plumbing, Inc., 76 N.M. 242, 414 P.2d 219 (1966); Hoskins v. Albuquerque Bus Co., 72 N.M. 217, 382 P.2d 700 (1963). * * *"

In view of our conclusion that substantial basis exists for the trial court's finding it is unnecessary to elaborate on the testimony and evidence. Only such evidence and the inferences to be drawn therefrom which support the findings will be examined. Evidence unfavorable to the findings will not be considered. Nance v. Dabau, 78 N.M. 250, 430 P.2d 747 (1967).

Appellants relied, for the existence of a lease, on appellees' letter dated December 16, 1966 and other supporting circumstances. This letter expressed appellees' agreement to lease for a term of ten years and outlined certain requirements of appellants as consideration for such an agreement. One requirement was that certain payments due or to become due to one of the appellants by the Department of Agriculture under a Cropland Adjustment Program, referred to as A.S.C. loan payments, were to be changed from a lump sum payment to ten yearly payments. The letter also required assignment of these loan payments for the purpose of crediting a certain obligation secured by mortgage on a Texas farm. According to the record before us, applicable regulations of the Department of Agriculture prevented assignment in the manner contemplated and for the purpose intended. Assignment of the A.S.C. loan payment could be made for certain purposes, but no assignment could be made to secure or pay any pre-existing indebtedness and only one year's payment could be assigned at one time. 7 C.F.R. § 709.5(a) (1966).

Appellants take the position that negotiations had ripened into a valid lease whereas appellees contend the matter had not progressed beyond a negotiation stage. It becomes immaterial to decide if an agreement was in fact reached or whether there were merely negotiations towards a lease

because of the inability of performance of conditions precedent, which were not capable of compliance in either event. In order to form a lease all the essentials of a contract must be present. First Nat. Bank in Albuquerque v. Tanney, 51 N.M. 60, 178 P.2d 581 (1947).

In considering impossibility of performance our Supreme Court in Sanders v. Freeland, 64 N.M. 149, 325 P.2d 923 (1958) said:

"* * * Impossible conditions cannot be performed; and if a person contracts to do what at the time is absolutely impossible, the contract will not bind him, because no man can be obligated to perform an impossibility. Jacksonville, M. P. Ry. & Nav. Co. v. Hooper, 1896, 160 U.S. 514, 528, 16 S.Ct. 379, 40 L.Ed. 515; Jones v. United States, 1877, 96 U.S. 24, 29, 24 L.Ed. 644. See also Wood v. Bartolino, 1944, 48 N.M. 175, 146 P.2d 883."

Since it was impossible to assign the loan payments as contemplated by the parties, this impossibility of performance resulted in no lease at all. Sanders v. Freeland, supra. Thus, the finding of "no lease" is correct.

Finding no error, the judgment is affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.