302 P.2d 514

W. C. WHATLEY and Lafel E. Oman,
Plaintiffs-Appellees,

v.

Thomas H. COLCOTT, George W. Benvie and Florence E. Benvie, Defendants-Appellants.

No. 6096.

Supreme Court of New Mexico.

Oct. 10, 1956.

456

Charles H. Fowler, Socorro, for appellants.

Whatley & Oman, Las Cruces, for appellees.

COMPTON, Chief Justice.

Appellants are seeking review of a judgment directing specific performance of a contract to convey real estate. The complaint alleges that appellees are lawyers and as such were employed by appellants to defend a quiet title action instituted against them in Dona Ana County and for their services were to be compensated on a cash basis; that the suit was successfully concluded in the district court and thereupon the cause was appealed to the Supreme Court for review; that appellants were then without funds to pay a cash fee and proposed and agreed with appellees to pay them for their services in the district court and on appeal the usual and customary percentage of the land involved, contingent upon recovery of a favorable judgment ultimately in the Supreme Court.

The material averments were denied. As affirmative defenses, appellants first denied having entered into any agreement, written or oral, to convey an interest in the premises as a fee. Second, they alleged that the agreement, is barred by the Statute of Frauds. Third, that appellees have an adequate remedy at law on the basis of quantum meruit.

It should be stated here that present counsel for appellants did not participate in the trial in the lower court.

The pertinent findings are:

"9. That upon the suing out of said appeal to the Supreme Court of the State of New Mexico by the said plaintiffs in cause No. 11,345 the defendants came to the offices of the plaintiffs herein at Las Cruces, New Mexico, and represented to the plaintiffs that they were without funds with which to pay plaintiffs a reasonable fee for their services and proposed to the plaintiffs, and agreed with the plaintiffs, to convey to them by way of a fee for services which had been rendered in the District Court, and which were to be rendered in the Supreme Court of the State of New Mexico in the defense of said suit, an interest in said lands contingent upon the successful defense of said suit equal to the usual and customary fee paid for services rendered on a contingent basis.

"10. That the usual and customary fee for legal services rendered on a contingent basis in a case of this nature is one-third or thirty-three and one-third per cent of the property involved upon the successful defense or recovery of the same.

"11. That after said agreement by the defendants to convey to the plaintiffs said interest in said real estate, if they should be successful in the defense of said suit in the Supreme Court of the State of New Mexico, such proceedings were had in the Supreme Court in and about said suit that on August 5, 1954, an opinion and decision of the Supreme Court was filed affirming the judgment of the District Court in favor of the defendants, and subsequently and on August 26, 1954, the mandate of the Supreme Court was sent down to the District Court affirming said judgment of the District Court theretofore entered in said suit."

 It is first contended that the contract was oral, hence, within the Statute of Frauds. In this respect, the findings are conclusive. The appeal comes to us on a partial record and it is silent on the question whether the agreement was written or oral. The record discloses that appellants neither tendered nor requested findings as to whether the contract was written or oral, nor did they object to the findings made by the court. In such circumstances every

presumption must be indulged in support of the judgment. Keirsey v. Hirsch, 58 N.M. 18, 265 P.2d 346, 43 A.L.R.2d 929; Chavez v. Chavez, 54 N.M. 73, 213 P.2d 438; Case v. Henry, 55 N.M. 154, 228 P.2d 433.

 Our next inquiry is directed to the sufficiency of the contract under consideration. Appellants strongly assert that it is too indefinite, uncertain and vague to support a decree of specific performance. We find this contention without merit. While a contract to convey real estate must be definite and certain before it will be enforced, absolute certainty in a contract is not required in order to support a decree of specific performance; reasonable certainty is all that is required. Compare Current v. Hubbard, 46 N.M. 256, 127 P.2d 239; Paulos v. Janetakos, 41 N.M. 534, 72 P.2d 1; Wooley v. Shell Petroleum Corp., 39 N.M. 256, 45 P.2d 927; Micheli v. Taylor, 114 Colo. 258, 159 P.2d 912. The contract as found by the court is expressed in plain and simple language which is easily understood, and there can be no uncertainty about the land involved as that had been the subject of litigation for several years.

 It is further contended that appellees can be reasonably compensated for their services on a quantum meruit basis. Further, that such contract is not of such exceptional or extraordinary character that performance thereof cannot be measured in money. Even so, the fact that appellees might have sued and recovered on quantum meruit, does not preclude their suing for specific performance. They accepted employment on the contingency and are, therefore, entitled to the benefits of their bargain. Jones v. Jones, 333 Mo. 478, 63 S.W.2d 146, 90 A.L.R. 219; Hynd v. Sandler, Tex.Civ.App., 95 S.W.2d 165.

The judgment should be affirmed, and it is so ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.