388 P.2d 60

**Alexander HINDI, Plaintiff-Appellee,**

**v.**

**H. N. SMITH, Defendant-Appellant.**

**No. 7318.**

Supreme Court of New Mexico.

Dec. 30, 1963.

Raymond E. Keithly, Truth or Consequences, Hart & Brockman, Tucumcari, for appellant.

Keleher & McLeod, Russell Moore, Albuquerque, for appellee.

CHAVEZ, Justice.

H. N. Smith, defendant in the lower court, appeals from a judgment requiring him to remove a certain gate and fence which he had built across a public road in Torrance County, New Mexico, and enjoining him from obstructing the roadway by a gate or any other obstructions.

Appellee, plaintiff below, alleged that appellant had built a "spite gate and a fence" across a certain public road in Sections 29 and 30, Twp. 3 N., R. 15 E., N.M.P.M.,

causing great inconvenience and bother to appellee; that it is impossible for appellee to haul certain of his equipment over said road by reason of said fence and gate; that in a previous suit, No. 3748 in the district court of Torrance County, appellant's predecessor in title, his father Neal Smith, had been perpetually enjoined from obstructing the roadway in any manner and from maintaining a fence thereon; and that such judgment was binding upon appellant. The answer generally denied the allegations of the complaint, except that appellant admitted that he built the fence and gate, but alleged that the same are on his property and were built with the knowledge and consent of the county commissioners of Torrance County. In the alternative, appellant alleged that said road is no longer a public road. By counterclaim, appellant alleged that appellee had built a fence and gate across said road and, if the road be determined to be a public road, that appellee be enjoined from obstructing said road. In the alternative, counterclaimant prays for damages. Appellee denied the allegations of the counterclaim.

The trial court found that the road in question from Highway 54 to the northern boundary of Hindi's property is a public road, the same having been continuously used by the general public since 1903, and that appellant's construction of a large gate across such road was a nuisance to appellee and must be removed.

Appellant submits the following six points for reversal:

"I.    The Board of County Commissioners have authority and jurisdiction over all roads and highways in their respective counties except state roads and highways.

"II.   A gate may be maintained upon a public road by authority of the public body having jurisdiction over the road.

"III.  No person may maintain a gate upon a public road.

"IV.   That the Court's Conclusion of Law that plaintiff has the right as a private individual to maintain the action is not supported by the evidence or findings of fact.

"V.    The Trial Court may not ignore or disregard unimpeached and uncontradicted evidence before it.

"VI.   The Trial Court is not bound by a previous equitable injunctive proceeding as to questions of fact nor is the defendant bound by such proceeding to which he was not a party."

We first discuss appellant's point VI, that the trial court is not bound by the previous injunction proceedings. In the previous suit, cause No. 3748 decided in 1951, appel-

lant's father, Neal Smith, was perpetually enjoined from obstructing the same roadway involved in the instant case. Evidence of record discloses that appellant acquired the property from his father; that he was present in court when the 1951 suit was tried and testified in that case. In the 1951 suit, the trial court found that the road in question is a public road; that the defendant, Neal Smith, had constructed a fence across said public road; that, as a result thereof, appellee had suffered injuries peculiar to himself and different from the injuries suffered by the general public. The trial court ordered Neal Smith to open said road and perpetually enjoined him from obstructing said road by a fence or otherwise.

In the instant case, findings of fact on the same issues were made by the trial court, to-wit: That the road in question is a public road; that the defendant, H. N. Smith, has constructed a large gate across said road and that such gate is a nuisance; that appellee has suffered special damages different from that of others; and that by reason thereof appellant, H. N. Smith, has interfered with appellee's use of his own property. The trial court then ordered appellant to open the roadway and perpetually enjoined him from obstructing said roadway by a gate, fence, or otherwise.

Appellant cites Board of Trustees of Cebilleta [sic Sevilleta] de La Joya Grant v. Board of Trustees of Belen Land Grant, 20 N.M. 145, 146 P. 959, where it is said:

" 'A judgment or decree set up as a bar by plea, or relied on as evidence by way of estoppel, must have been made by a court of competent jurisdiction upon the same subject-matter, between the same parties, for the same purpose.' "

It is true that the parties in the two cases involved here are not the same; however, a judgment granting injunctive relief, even if granted in personam, may bind a person in privity with the one enjoined. In 28 Am.Jur. § 296, p. 810, the rule is stated as follows:

" * * * An in personam decree is conclusive upon and binds the parties to the litigation and those who are represented by such parties or are subject to their control or in privity with them. By 'privity,' in this regard, is meant the mutual or successive relationship to the rights of property, and privies are classified according to the manner of this relationship. The reason why persons standing in this relation to the litigating party are bound by the proceedings to which he is a party is that they are identified with him in interest. * * "

See also, State ex rel. Pool v. District Court, 34 Mont. 258, 86 P. 798.

There is also authority to the effect that a person is bound by an injunction, although not a party to the suit, if he has notice or knowledge of the order and is within the class of persons whose conduct is intended

to be restrained or acts in concert with such a person. 28 Am.Jur. § 297, p. 811.

In Langford v. Griffin, 179 Ark. 574, 17 S.W.2d 296, an injunction was requested by Langford to prevent an adjoining landowner, Griffin, from closing an alley running between the two properties. Griffin defended on the grounds of adverse possession over the alley and lack of special damage to plaintiff, since plaintiff could get to his property by both the street and the intersecting alley to the one in question. Judgment was given to defendant, which was reversed upon appeal. The court held that adverse possession did not apply, since the defendant's predecessor in title had been enjoined from closing the alley and this decree was binding upon all persons in privity of estate with the predecessor in title. The court further found that, even though plaintiff had two means of access to his property, the closing of the alley would work special damage to plaintiff.

In Hickinbotham v. Williams, 228 Ark. 46, 305 S.W.2d 841, a son had been enjoined from violation of an ordinance which prohibited the operation of grocery stores on Sunday. The injunction did not mention "agents, servants, employees, etc." but the court held that the injunction was broad enough to cover the father of the enjoined, who was a co-owner, had knowledge of the injunction, and helped operate the store on the Sundays involved.

Skinner v. Ashford, 131 Neb. 338, 268 N. W. 81, was an action to quiet title to certain lands, and to enjoin Frank Skinner and all persons claiming under him from asserting any rights to said land. Personal service was made upon Skinner with notification of a temporary injunction being issued. Default judgment was taken and the injunction made permanent. Skinner then conveyed part of said land to his daughter, who took possession of the property. She was ordered to show cause why she should not be adjudged in contempt and she resisted on the ground of lack of jurisdiction. She was adjudged in contempt and appealed, contending, among other things, that she was not bound by the order therein. In answer to this contention, the court said:

"* * * We cannot sustain her in this, as it has too frequently been held that one who has knowledge of an injunction and is in privity with the party enjoined is bound thereby. The bill of exceptions clearly shows that she had direct information from the judge of the trial court that she was bound by the injunction decree."

We hold, therefore, that appellant is bound by the judgment entered in 1951 in the first suit. In Paulos v. Janetakos, 46 N.M. 390, 129 P.2d 636; McCarthy v. Kay, 52 N.M. 5, 189 P.2d 450; and Salazar v. Murphy, 66 N.M. 25, 340 P.2d 1075, we held that a prior judgment, between the same

parties or their privies, bars a second action as to questions of fact in issue in the first case which were essential to a decision and entered into a determination of that case. It necessarily follows that, since the present appellant, H. N. Smith the son, is bound by the order enjoining the prior defendant, Neal Smith the father, then the present appellant is also barred from relitigating certain essential facts, and appellant's point VI is without merit.

We might also add that, although appellant argues about changed conditions in the road, no evidence is cited by appellant showing a changed condition.

■ Appellant contends that the county commissioners have control over the road in question and cites § 55–3–1, N.M.S.A., 1953 Comp. This statute grants the boards of county commissioners control over all roads, highways and bridges within their respective counties, excepting such roads, highways and bridges as are declared state roads, or roads constructed or maintained with state aid. Appellant, in his first point for reversal, claims error in the trial court's refusal to grant his requested finding No. 10, that the Torrance county commissioners have control over the road in question. No evidence is cited or referred to which would support this contention and requested finding. The trial court found that the road in question is a public road and no evidence appears as to who has control over the said road. The statute directs the preparation of a map which shall show the complete system of county highways, which map shall be filed with the state highway commission and a copy thereof filed in the county clerk's office. However, no map showing the county highways was introduced or received into evidence.

■ Appellant's points II and III are without merit. As to point II, § 55–6–11, N.M.S.A., 1953 Comp., prohibits the maintenance of a fence across any public road, unless the owner or person in control of such fence shall construct a gate in accordance with specifications of the authorities having control over such road, and a written permit must be obtained from the authorities having control over such road. There is no evidence that a written permit was obtained from the authorities having control over the said road, and no evidence that the gate was constructed in accordance with specifications of the authorities who control the road. As to point III, it is sufficient to say that pursuant to § 55–6–11, supra, a gate may be maintained on a public road if there is compliance with the provisions of said section. The trial court found that appellant constructed a gate across said road and that such gate is a nuisance. This finding is not attacked and is conclusive on appeal. Swallows v. Sierra, 68 N.M. 338, 362 P.2d 391; Hinkle v. Schmider, 70 N.M. 349, 373 P.2d 918.

■ Appellant's point IV is also without merit. This point is based upon the exist-

ence of another road running to the Hindi property from the town of Duran, resulting in the contention that plaintiff has suffered no special damage, and the trial court's findings of fact not being supported by substantial evidence. We find there is substantial evidence of special damage which amply supports the findings made by the trial court and we will not substitute our judgment for that of the trier of the facts.

There is no merit in appellant's point V. Appellant requested finding of fact No. 11, that appellee maintained a locked gate across the road in question, which was refused by the trial court. The evidence discloses that the gate in question is at times locked for two or three weeks, and during this period the people using that road have keys to open the gate. However, the evidence also shows that appellant never uses said road to get into appellee's property. Thus, the requested finding of fact was immaterial, and could not become material until there was some showing that appellant, in questioning the Hindi's gate, made some use of the same and could show a special damage.

Finding no error, the judgment is affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.