430 P.2d 747

George E. NANCE, Guardian of the Person
and Estate of Sudie E. Darby, Incom-
petent, Plaintiff-Appellant,

v.

John Darby DABAU, Defendant-Appellee.

No. 8158.

Supreme Court of New Mexico.

July 24, 1967.

Smith, Smith & Tharp, Clovis, for appel-
lant.

Manford W. Rainwater, Tucumcari, Su-
tin & Jones, Albuquerque, for appellee.

## OPINION

CHAVEZ, Chief Justice.

Plaintiff-appellant George E. Nance, as
guardian of the person and estate of Sudie
E. Darby, filed a complaint against de-
fendant-appellee John Darby Dabau in
three counts. Only the first count is rel-
evant to this appeal. In that count, appel-
lant sought to set aside certain deeds and
contracts executed by Sudie E. Darby and
her deceased husband to appellee, on the
grounds that appellee occupied a position of
trust with her; that appellee, by fraud, mis-
representations and undue influence, in-
duced Sudie E. Darby and her deceased
husband to execute the deeds. The trial
court denied the relief sought and appellant
appeals.

The record shows that appellant Nance secured the power of attorney from Sudie E. Darby on March 11, 1964, while she was in the hospital suffering from a stroke; that the suit was filed in the name of Mrs. Darby on April 24, 1964; and that appellant Nance qualified as guardian of Mrs. Darby, as an incompetent, in May 1965. Most of the testimony pertaining to the execution of the contract between the Darbys and appellee, the deed executed between the Darbys and appellee conveying approximately 1120 acres, and the deed executed between the Darbys and appellee conveying 640 acres, was given by appellee when called as an adverse witness. This testimony established that Edward E. Darby and Sudie E. Darby, husband and wife, moved to the vicinity of Forrest, New Mexico, in 1912, accompanied by the now Mrs. Fannie Nance, mother of appellant, who was then eleven years of age. Mrs. Fannie Nance had been raised by Mr. and Mrs. Darby from the age of nine years and, although never legally adopted by them or of any relation to the Darbys, she was treated as a daughter and she treated the Darbys as her parents. Mrs. Nance lived in the Darby home until she was married on January 21, 1926. Following the marriage, she moved to her own home and her three children, including appellant, were treated by Mr. and Mrs. Darby as their grandchildren.

Prior to July 23, 1958, and the execution of the contract and deeds giving rise to this law suit, Mr. Darby was approximately 80 years of age and had undergone major surgery in connection with a malignancy. On July 23, 1958, he could walk about only if aided by some other person, or he could move about in a wheel chair. Mrs. Darby was 82 years of age at the time of trial, or approximately 75 years of age on July 23, 1958.

In 1958 appellee, a married man, was engaged in profitable employment in Kansas City, Missouri. At the time of Mr. Darby's illness, appellee flew to New Mexico and stayed with the Darbys for about a week. He then returned to Kansas City and, at that time, began receiving letters and telephone calls from the Darbys, requesting that he return to New Mexico and take over the properties of the Darbys under the terms of an agreement which the Darbys contemplated making. It appears that there was an equally close relationship between the Darbys and the parents of appellee Dabau, and appellee was raised in the Darby's home like a grandchild.

On July 23, 1958, the Darbys executed a warranty deed to appellee Dabau, conveying approximately 1120 acres of land in Quay County, New Mexico, and reserving a life estate. A second warranty deed was executed with respect to the 640 acres in Sec. 35, Twp. 7 N., R. 31 E., N.M.P.M. Under an agreement which was also executed by the parties, the deed to Sec. 35 was to be held by the Darbys and delivered to appellee upon their death. Appellee Dabau agreed to farm the land, make the payments on a loan covering the properties, and give the Darbys all of the income from Sec. 35 during their lifetime. The Darbys were to have the use of the dwelling on Sec. 35 and all improvements for life, and they agreed to pay the taxes and insurance.

Mr. Darby died March 2, 1960. Thereafter, an agreement was entered into on May 26, 1961, between Mrs. Darby, the widow, and appellee Dabau with reference to the deed to Sec. 35. Mrs. Darby gave appellee the right to record the deed to Sec. 35, subject to the previous understanding as to her unrestricted right to the use of the improvements for life. Appellee agreed to farm all of the land. They agreed that each would furnish one-half of the seed and fuel for Sec. 35; that Mrs. Darby would pay the ad valorem taxes; and that Mrs. Darby would receive one-half of all of the crops grown on the section.

Under point I, appellant contends the facts show that a confidential relationship existed between appellee and the Darbys; that the burden of showing there was no undue influence shifted to appellee; and that his testimony was insufficient to carry this burden. Cited as support therefor are

Beals v. Ares, 25 N.M. 459, 185 P. 780; Cardenas v. Ortiz, 29 N.M. 633, 226 P. 418; Brown v. Cobb, 53 N.M. 169, 204 P.2d 264; Pilon v. Lobato, 54 N.M. 218, 219 P.2d 290; Ostertag v. Donovan, 65 N.M. 6, 331 P.2d 355, 70 A.L.R.2d 583; Hummer v. Betenbough, 75 N.M. 274, 404 P.2d 110. This argument appears to be an attack on finding of fact No. 13, which reads:

"13. That John Darby Dabau has proved lack of undue influence on his part in connection with all the instruments executed between him and the Darbys, and the contracts and the deeds were executed and delivered free from undue influence on the part of John Darby Dabau upon either Edward E. Darby or Sudie E. Darby and the said contracts and deeds are valid and binding."

Appellant's attack raises no issue on appeal. Findings must be attacked on the basis that there is no substantial evidence to support them. Petty v. Williams, 71 N.M. 338, 378 P.2d 376. If not so attacked, the findings must be accepted as the facts in the case. Noran v. White, 69 N.M. 46, 363 P.2d 1038. This court has held that we will consider only that evidence and inferences to be drawn therefrom which support the findings, and we will not consider any evidence unfavorable to the findings. Luna v. Flores, 64 N.M. 312, 328 P.2d 82.

Even if we were to interpret appellant's attack as meaning there was no substantial evidence to support finding No. 13, appellant has failed to comply with Supreme Court Rule 15(6), (§ 21–2–1(15) (6), N.M.S.A., 1953 Comp.), the purpose of which is to relieve this court of any duty to examine a trial record to see if support for a finding is present. Alvarez v. Alvarez, 72 N.M. 336, 383 P.2d 581. Appellant has not set forth any evidence on the issue of undue influence, and has failed to challenge the trial court's findings of fact Nos. 9, 10, 11, 12 and 14. These findings support the decision, as well as finding No. 13, and are as follows:

"9. That after John Darby Dabau married, he lived out of the State of New Mexico where he had profitable employment and was satisfied in his location.

"10. Sudie E. Darby requested and insisted that John Darby Dabau return to New Mexico so that he could have the Darby properties under agreements that the Darbys were contemplating in entering into with said John Darby Dabau and which were executed after the return of John Darby Dabau to New Mexico.

"11. That the instruments in issue in this case made between Edward E. Darby and Sudie E. Darby and John Darby Dabau were made at the suggestion and on the terms of the Darbys and the instruments in issue in this case made between Sudie E. Darby and John Darby Dabau were made at the suggestion and on the terms agreeable to Sudie E. Darby, and John Darby Dabau.

"12. That no mental weakness on the part of either of the Darbys at the time of the execution of the instruments in question was either alleged or proven and the Darbys had complete mental capacity to execute the instruments which they executed.

"14. That John Darby Dabau agreed with Sudie E. Darby in the making of the contract with her herein mentioned and the deed which was executed by Sudie E. Darby to John Darby Dabau that the said John Darby Dabau would pay for all of the care and maintenance of the said Sudie E. Darby during her lifetime and the said John Darby Dabau has complied with said agreement."

The above findings were not attacked. Our decisions have been uniform that findings not attacked are the basis for decision in this court, Kerr v. Akard Brothers Trucking Co., 73 N.M. 50, 385 P.2d 570; and these findings are conclusive on appeal, Swallows v. Sierra, 68 N.M. 338, 362 P.2d 391. This rule applies to individual findings of fact which are not attacked. Drake v. Rueckhaus, 68 N.M. 209, 360 P.2d 395; Hindi v. Smith, 73 N.M. 335, 388 P.2d 60; Nash v. Higgins, 75 N.M. 206, 402 P.2d 945. Because findings Nos. 9, 10, 11, 12 and 14 have not been attacked, they become the facts in this court, Latta v. Harvey, 67 N.M. 72, 352 P.2d 649; and this court will not review the evidence, Bernstein v. Bernstein, 73 N.M. 365, 388 P.2d 187.

■ Appellant, as a part of his argument on the issue of undue influence, contends that undue influence was exercised because appellee failed to establish the fairness of the contract and the two deeds; or that the grantors involved had independent and competent advice in connection with the preparation of the contract and deeds. This issue is raised for the first time on appeal. We cannot find, in appellant's requested findings of fact and conclusions of law, any requested or tendered findings and conclusions as to whether the contract and the two deeds were fair, or whether the Darbys had competent and independent advice; and appellant did not object to the findings made by the trial court on the issues of undue influence. In such circumstances, every presumption must be indulged in support of the judgment. Whatley v. Colcott, 61 N.M. 455, 302 P.2d 514.

An examination of the record discloses the following facts to indicate that the contract and deeds were fair: (1) Appellee assumed mortgages in the sum of $21,000; (2) appellee promised to take care of the Darbys for life and see that they did not want for anything; (3) appellee agreed to farm Sec. 35 and deliver the income to the Darbys; and (4) appellee agreed to pay half of the taxes and half of the expenses of farming and, since 1961, he paid all of the taxes.

The record also reveals the following facts that would create a presumption the Darby's had competent and independent advice: (1) The contract and deeds were prepared by an attorney in Clovis, New Mexico; (2) appellee did not see the documents until he was called into the Darby home by his father, where the documents were executed before a notary public. Even if it could be argued that appellee is not entitled to the presumption that the Darbys had independent advice, this fact would not warrant reversal of the case. In Lindley v. Lindley, 67 N.M. 439, 356 P.2d 455, this court said:

"We do not believe that every non-testamentary gift between persons in confidential relationship must automatically fail because of lack of independent advice. We do agree with Mr. Justice McGhee that such is a salutary procedure. However, we hold that the lack of such advice simply adds to the onus or burden placed on the donee to prove that a particular gift was made under completely honest and fair circumstances, and that undue influence and duress was in fact absent. * * *

■■ Undue influence is influence improperly exerted which would have acted to the injury of Mrs. Darby. Brown v. Cobb, supra. The mere existence of a confidential relationship does not create a presumption of undue influence, nor shift the burden to appellee. In addition to the confidential relationship, suspicious circumstances must exist to shift the burden of proof. Hummer v. Betenbough, supra. Appellant has not shown and we cannot find any facts in the record indicating suspicious circumstances, or any facts showing undue influence. There is no merit to appellant's argument on this point.

Under point II, appellant contends that the trial court erred in finding that the contract of May 26, 1961, was supported by adequate consideration; that it was not the result of undue influence on the part of

appellee; and that it was not the result of any fraud on the part of appellee. Appellant also claims the trial court erred in refusing to find that appellee had failed to sustain the burden of proving lack of undue influence on appellee's part, in connection with the execution and delivery of said contract and the delivery of the deed executed pursuant to the contract. This attack appears to be an attack on finding of fact No. 15 which reads:

"15. That in the execution of the deeds and contracts between Edward E. Darby and Sudie E. Darby, his wife, and John Darby Dabau and between Sudie E. Darby and John Darby Dabau, the said John Darby Dabau paid and agreed to pay valuable consideration to support said deeds and contracts and at no time did John Darby Dabau use any fraud, misrepresentation or undue influence upon Edward E. Darby and Sudie E. Darby, or either of them, in connection with the transactions in question in this action."

Appellant's attack under this point is essentially the same as that made under point I and must fail for the same reasons. Appellant has not referred to finding No. 15 in his argument under this point; he has failed to attack on the lack of substantial evidence to support the finding; he has failed to set forth the substance of all evidence bearing on the issue as required by Supreme Court Rule 15(6), supra; he has failed to attack finding No. 14, which found that appellee had complied with his agreement to care for Mrs. Darby during her lifetime; and he fails to attack that part of finding No. 15 stating that "the said John Darby Dabau paid and agreed to pay valuable consideration to support said deeds and contracts."

The only new contention raised by appellant is that appellee made a false representation in the whereas clause of the contract of May 26, 1961, that appellee had "paid off the aforementioned loan and obtained a release of the lien against the subject land together with the other lands owned by" Mrs. Darby, and that the facts showed appellee did not discharge the specified mortgage then, but instead discharged it in 1963 by placing another lien against Sec. 35 and other land. Appellant argues that thus, in addition to all of the elements showing undue influence or constructive fraud, there was an admitted false representation and consideration made by defendant in connection with the contract of May 26, 1961; and that appellee should be required to give up the deed conveying Sec. 35 because the contract should be held to be null and void.

There is no merit to this argument. Appellant makes no argument that the whereas clause violated the agreement between the parties. In fact, the record shows that the agreement was made to allow Dabau to record the deed to Sec. 35. Mrs. Darby wanted only the right to the full, unrestricted use of the improvements for a residence during her lifetime. Appellee told Mrs. Darby he intended to borrow some money on the land. Mrs. Darby indicated that it was agreeable with her.

Appellant's point III is that the trial court erred in finding that a quitclaim deed dated May 29, 1963, executed by Sudie E. Darby conveying to appellee the 1120 acres in which a life estate had been reserved by a prior deed was not the result of undue influence. Again, this contention appears to be the same attack on finding of fact No. 13 as was made in point I, and must fail for the reasons as hereinbefore stated.

Finding no error, the judgment is affirmed.

It is so ordered.

COMPTON, J., and WALDO SPIESS, J., Court of Appeals, concur.