This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PETER ADENAUER,**

Plaintiff-Appellant,

v.                                                          **NO. 30,271**

**CONLEY'S LANDSCAPING, INC.,**
**a New Mexico Corporation.**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Adam D. Rafkin, P.C.
Adam D. Rafkin
Ruidoso, NM

for Appellant

Bryant, Schneider-Cook Law Firm, P.A.
Angie Schneider-Cook
Ruidoso, NM

for Appellee

## MEMORANDUM OPINION

**GARCIA, Judge.**

Plaintiff asks this Court to reverse the district court's judgment dismissing Plaintiff's complaint and awarding Defendant unjust enrichment damages on Defendant's counterclaim. On appeal, Plaintiff raises eight issues that primarily challenge the sufficiency of the evidence to support several of the district court's findings of fact regarding its award and calculation of damages owed to Defendant based on unjust enrichment. Plaintiff also argues that the district court's findings of fact exhibit bias against Plaintiff. We affirm the district court's judgment denying Plaintiff's claims and awarding Defendant damages for its counterclaim.

**BACKGROUND**

Plaintiff Peter Adenauer (Plaintiff) hired Defendant Conley's Landscaping (Defendant) to work on a landscaping project (the Project) involving the installation of an irrigation system at Plaintiff's ranch in Nogal, New Mexico. The parties entered into an oral agreement for the Project whereby Plaintiff would pay Defendant approximately $30,000 to provide and install an irrigation system, landscaping, and related services. The parties never signed a written contract, but Defendant did provide Plaintiff with an unsigned written landscape work order/invoice (the Work Order) at some point after starting work on the Project. Throughout the course of the Project, Plaintiff expanded the scope of the work that was originally set out in the Work Order.

A disagreement arose between the parties after Defendant sent Plaintiff an email itemizing the work that had been completed as of that particular date, and outlining the additional charges for the additional work not set forth in the Work Order. Plaintiff's email response contained racially derogatory comments about Defendant's Hispanic employees that Defendant's president (Conley) found highly offensive. As a result, Defendant immediately terminated its business relationship with Plaintiff and discontinued all work on the Project. Plaintiff then brought suit against Defendant for breach of contract, fraud, and prima facie tort. In response, Defendant raised numerous counterclaims and affirmative defenses, including a counterclaim for unjust enrichment for the work completed by Defendant on the Project.

The district court heard testimony and received evidence from both parties. The court then entered extensive findings of fact and conclusions of law. It explained that credibility had a significant influence on its conclusions and that it found Defendant's testimony most credible. As an example of why it gave more weight to Defendant's testimony, the court indicated that it perceived that Plaintiff threatened Conley during trial. Based on Defendant's testimony, the district court concluded that Defendant had not breached the terms of the agreement to work on the Project and found that Defendant "did not unjustifiably 'walk off' or otherwise abandon the [P]roject" because "Defendant was at a point of completion" at the time he discontinued work

on the Project. The district court also rejected the existence of a specific contract outlining the scope of the Project, but explained that "[e]ven if there was a contract, Defendant did not breach the same. Plaintiff was demeaning to Defendant's staff and [P]laintiff, his wife, and daughter made the working relationship impossible." It then entered a judgment in favor of Defendant for the amount of $11,628.61 with interest at 8.75% accruing thirty days from July 4, 2004, the day following the email exchange between the parties. Plaintiff filed a timely notice of appeal.

**DISCUSSION**

**A.     Standard of Review**

"On appeal we will not disturb the [district] court's factual findings unless the findings are not supported by substantial evidence[,]" but we review conclusions of law de novo. *Strata Prod. Co. v. Mercury Exploration Co.*, 1996-NMSC-016, 121 N.M. 622, 627, 916 P.2d 822, 827. "The question [of whether a district court's findings are supported by substantial evidence] is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. As a result, we will resolve "all disputes of facts in favor of the successful party and indulge[] all reasonable inferences in support of the prevailing party." *Id.* In addition, we review the ability of a district court to

4

exercise its equitable powers under a particular set of facts de novo, *United Properties Ltd. Co. v. Walgreen Properties, Inc.*, 2003-NMCA-140, ¶ 7, 134 N.M. 725, 82 P.3d 535, and we will reverse a district court's exercise of its equitable powers only upon a showing that the district court abused its discretion. *Ontiveros Insulation Co. v. Sanchez*, 2000-NMCA-051, ¶ 9, 129 N.M. 200, 3 P.3d 695.

We also note that in Plaintiff's briefs to this Court, he refers to some portions of the record proper, some general citations to the district court proceedings, and certain specific citations to the proceedings below, but fails to provide the required citations to the record. It is well established that this Court will not search the record to find support for Plaintiff's contentions. *See State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829 (pointing out that appellate court will not search the record to find whether an issue was preserved); *Ross v. City of Las Cruces*, 2010-NMCA-015, ¶ 18, 148 N.M. 81, 229 P.3d 1253 ("Where a party fails to cite any portion of the record to support its factual allegations, the Court need not consider its argument on appeal."). Defendant's brief provides more specific citations to the record, and Plaintiff did not challenge these citations in his reply brief. Where Plaintiff does not provide appropriate citations to the record but argues that Defendant's rendition of the facts is incorrect, we note that this Court indulges every presumption in favor of the "correctness and regularity" of the district court's decision

5

in favor of the prevailing party. *Rojo*, 1999-NMSC-001, ¶ 53 (internal quotation marks and citation omitted).

**B.      Propriety of an Equitable Remedy**

We begin by addressing Plaintiff's argument that the district court erroneously failed to address his requested findings of fact and conclusions of law relevant to the privity of contract between the parties, and his argument that privity precluded the district court from hearing Defendant's claim for equitable relief. However, Plaintiff's assertion that the district court "appeared to neither adopt nor reject" his requested findings of fact and conclusions of law related to the propriety of Defendant's unjust enrichment claim is not supported by the record. Instead, the record reflects that the district court both addressed and rejected Plaintiff's requested findings of fact and conclusions of law related to the presence of privity between the parties and whether privity precluded Defendant's unjust enrichment claim.

In this case, there is no dispute that the parties entered into an oral agreement, or that the agreement created some form of privity between the parties. However, the fact that some form of privity existed between Defendant and Plaintiff does not, as Plaintiff claims, foreclose Defendant's claim for unjust enrichment. *See Starko, Inc. v. Presbyterian Health Plan, Inc.*, 2011-NMCA-___, ¶ 91, ___ N.M. ___, ___ P.3d ___ (Nos. 27,992, 29,016, Dec. 15, 2011) (holding that a party may bring a claim for

unjust enrichment against a party with whom it has a contractual relationship); *Ontiveros*, 2000-NMCA-051, ¶¶ 11, 13 (explaining that unjust enrichment damages generally apply in the absence of privity but declining to "sanction an unconscionable result merely because it may have been brought about by means which simulate legality") (internal quotation marks and citation omitted); *see also Hydro Conduit Corp. v. Kemble*, 110 N.M. 173, 178, 793 P.2d 855, 860 (1990) ("[U]njust enrichment constitutes an independent basis for recovery in a civil-law action, analytically and historically distinct from the other two principal grounds for such liability, contract and tort."); *Danley v. City of Alamogordo*, 91 N.M. 520, 521, 577 P.2d 418, 419 (1978) (holding that a builder was free to pursue an unjust enrichment claim despite the fact that it was in privity with the defendant). As a result, Plaintiff's assertion that unjust enrichment damages are not recoverable in the presence of privity is not supported by the law of this jurisdiction, and the district court did not err in rejecting Plaintiff's preclusion argument.

Additionally, even if Plaintiff's argument was legally adequate, it has no relevance in the present appeal because the district court rejected the existence of a definitive contract between the parties. Plaintiff has not challenged the district court's findings that no contract existed between the parties. As a result, we conclude that the findings regarding privity and unjust enrichment are supported by substantial evidence

7

and binding on appeal. *See* Rule 12-213(A)(4) NMRA ("A contention that a verdict, judgment or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence[.]"); *Giovannini v. Turrietta*, 76 N.M. 344, 347, 414 P.2d 855, 857 (1966) ("The [district] court's findings, not properly attacked, are conclusive on appeal."). It follows that the district court did not err in rejecting Plaintiff's requested conclusions that the existence of privity precluded the district court from hearing Defendant's claim for unjust enrichment, and its decision to exercise its equitable powers was not error. *See Fox v. Doak*, 78 N.M. 743, 746, 438 P.2d 153, 156 (1968) (concluding that it is not error for the district court to reject requested findings of fact where the requested findings are inconsistent with findings of the district court that are supported by substantial evidence).

**C.      Sufficiency of the Evidence Relating to Unjust Enrichment**

We next address Plaintiff's argument that the district court's award of damages to Defendant for unjust enrichment was an abuse of discretion because Plaintiff's enrichment was in fact justified and supported by substantial evidence. *See Heimann v. Kinder-Morgan CO2 Co.*, 2006-NMCA-127, ¶ 20, 140 N.M. 552, 144 P.3d 111 (allowing an aggrieved party to recover damages for unjust enrichment from a party that has profited at the aggrieved party's expense only when it would be unjust for the

party to retain the conferred benefit). Although Plaintiff's argument is framed as a challenge to the district court's conclusion of law, Plaintiff's argument that the district court erroneously failed to address numerous requested findings of fact is, in reality, an attack on the sufficiency of the evidence supporting the factual findings relevant to Defendant's unjust enrichment claim.

**1.     The Conduct of Both Parties in Terminating the Business Relationship**

Plaintiff argues that the district court erred in rejecting his requested conclusion of law that "[e]quity prevents a party from breaching a contract by terminating a project, walking off the jobsite[,] and then recovering for quantum meruit. Plaintiff repeatedly asserts that his enrichment was not unjust because Defendant improperly walked off or abandoned the Project and, "[i]t would achieve a perverse result to allow a party to enter into an agreement . . . and then to walk off a project (when the other side was *not* in breach) and then to recover in *quantum meruit*." However, Plaintiff failed to specifically challenge the district court's conclusion that Defendant did not breach any contract or agreement with Plaintiff, attack any of its related findings, provide record citations to support his assertion that Defendant's conduct was improper, or otherwise challenge or rebut Defendant's recitation of the facts or citations to the record. Plaintiff's claim is also misleading. It implies that Plaintiff's conduct was innocent throughout the course of the Project and is noticeably silent as

9

to the district court's actual finding that Plaintiff's demeaning and offensive behavior caused irreparable damage to the business relationship between the parties. As a result, we resolve the factual conflict raised by Plaintiff's unsupported factual assertion in favor of the district court's decision and Defendant. *Rojo*, 1999-NMSC-001, ¶ 53.

Consistent with our rules of appellate procedure, we will not address the merits of Plaintiff's sufficiency of the evidence argument any further. *See* Rule 12-213; *see also Aspen Landscaping, Inc., v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶¶ 28-29, 135 N.M. 607, 92 P.3d 53 (explaining that a party challenging a finding for lack of substantial evidence must refer to "all of the evidence, both favorable and unfavorable, followed by an explanation of why the unfavorable evidence does not amount to substantial evidence, such as is necessary to inform both the appellee and the Court of the true nature of the appellant's arguments"). As a result, we conclude that the district court's findings and conclusions regarding the conduct of the parties and its effect on the business relationship are supported by substantial evidence. *See* Rule 12-213(A)(4); *Nance v. Dabau*, 78 N.M. 250, 252, 430 P.2d 747, 749 (1967) ("Findings must be attacked on the basis that there is no substantial evidence to support them. If not so attacked, the findings must be accepted as the facts in the case.") (citation omitted). Thus, Plaintiff's requested conclusion of law was

inconsistent with the specific evidence set forth in the record, and the district court did not err in rejecting Plaintiff's position. *See Hines v. Hines*, 64 N.M. 377, 379, 328 P.2d 944, 946 (1958) ("As to the [district] court's refusal of appellant's requested findings of fact, suffice it to say that the refused findings were diametrically opposed to or inconsistent with the facts properly found by the [district] court in support of the final decree and judgment. Therefore, the refusal was not error.").

**2.      Authorization to Charge Plaintiff's Credit Card**

Plaintiff also argues that Defendant's hands were unclean and allowing Plaintiff to retain the benefit of Defendant's services would not be unjust. Plaintiff supports this argument, once again without citation to the record, by asserting that there was "no basis (other than an assumption)" for the district court's finding that Plaintiff's wife had the authority to authorize charges to Plaintiff's credit card, and that Defendant admitted the same. Again, this argument ignores the evidence favorable to the district court's finding of fact that is supported by the record. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104.

Additionally, though Plaintiff styles his argument as an attack on the sufficiency of the evidence, we note that he is really asking this Court to re-weigh the evidence. Specifically, Plaintiff argues that the district court should have given additional weight to evidence pertaining to the date of the credit-card receipt and the date Defendant

11

asserted he received authorization from Plaintiff's wife. But the duty to weigh the credibility of witnesses and to resolve conflicts in the evidence is for the district court, and this Court will not re-weigh the evidence or substitute our judgment for the trier of fact on appeal. *Landavazo v. Sanchez*, 111 N.M. 137, 138, 802 P.2d 1283, 1284 (1990); *Dibble v. Garcia*, 98 N.M. 21, 644 P.2d 535 (Ct. App. 1982). As a result, Plaintiff is bound by the district court's finding. *See Maloof v. San Juan Cnty. Valuation Protests Bd.*, 114 N.M. 755, 759-60, 845 P.2d 849, 853-54 (Ct. App. 1992) (stating that an appellant is bound by the findings of fact made below unless the appellant properly attacks the findings, and the appellant remains bound if he or she fails to properly set forth all the evidence bearing upon the findings).

Moreover, even if this finding was not supported by substantial evidence, we need not address the merits of Plaintiff's claim further. The charge at issue was refunded to Plaintiff's credit card. In light of this refund and the lack of any findings by the district court regarding this refund issue, we shall not re-weigh the evidence and speculate regarding the district court's decision to reject Plaintiff's unclean hands argument. *See Benavidez v. Benavidez*, 2006-NMCA-138, ¶ 23, 140 N.M. 637, 145 P.3d 117 (refusing to address challenges to a district court's findings as unclear when the challenges are not supported by relevant and specific reasons and do not explain why the evidence relating to the finding is insufficient); *Clayton v. Trotter*, 110 N.M.

12

369, 373, 796 P.2d 262, 266 (Ct. App. 1990) (explaining that an appellate court need not consider unclear arguments).

**3.      Satisfactory Installation of the Pump**

Plaintiff also asserts that substantial evidence did not support the district court's finding regarding the performance of the pump installed by Defendant.  In support of his argument, Plaintiff references the testimony from Plaintiff's expert, who was also hired to replace Defendant for the irrigation project.  Plaintiff's expert testified that according to his calculations, the pump provided by Defendant would not perform properly at the elevation in which it was installed.  But, Plaintiff's expert also testified that he never examined or tested the pump installed by Defendant, and that he was relying on Plaintiff's explanation regarding the scope of the work Defendant was asked to perform on the Project.  As a result, the district court found that, while generally credible, Plaintiff's expert "was misinformed and had an interest in marketing the more expensive pump."  Plaintiff has not addressed or otherwise challenged this finding, and this Court will not second-guess the district court's judgment as to the credibility of this expert witness. *Mares v. Valencia Cnty. Sheriff's Dep't*, 106 N.M. 744, 747, 749 P.2d 1123, 1126 (Ct. App. 1988).  Plaintiff also does not address or otherwise rebut the district court's findings that Plaintiff never attempted to use or test the pump installed by Defendant, and that Plaintiff, after

13

discussing the different pump options with Defendant, made an informed decision regarding the pump purchased by Defendant. As a result, these findings are conclusive. *Nance*, 78 N.M. at 252, 430 P.2d at 749. Plaintiff's attack on these findings is simply an argument that the district court's findings were wrong while those findings proposed by Plaintiff were correct. *See Lahr v. Lahr*, 82 N.M. 223, 224, 478 P.2d 551, 552 (1970) ("We presume the correctness of the judgment of the [district] court who had the advantage of evaluating the demeanor of the parties and of the witnesses."). Again, Plaintiff failed to refer to any of the evidence unfavorable to his position or to explain why the evidence was not sufficient to support Defendant's position. *See Aspen Landscaping*, 2004-NMCA-063, ¶ 29 ("Failure to provide citations and challenge findings affect this Court's ability to decide the issues. Clearly, counsel for all litigants are more effective advocates when they observe the Rules of Appellate Procedure."); *State v. Clifford*, 117 N.M. 508, 513, 873 P.2d 254, 259 (1994) ("Mere reference in a conclusory statement will not suffice and is in violation of our rules of appellate procedure."). As a result, we will not further address the merits of Plaintiff's claim and accept the district court's finding as conclusive and supported by substantial evidence.

**D.    Calculation of Damages**

Plaintiff also argues that the district court's award of damages was an abuse of

discretion. Plaintiff argues that the district court's calculation of damages was incorrect and that the cost of Defendant's material and labor and the benefit conferred on Plaintiff were not supported by substantial evidence. On appeal, this Court will uphold "[a] damage award which is reasonably certain, supported by substantial evidence, and not based on speculation[.]" *Ranchers Exploration & Dev. Corp. v. Miles*, 102 N.M. 387, 390, 696 P.2d 475, 478 (1985). The crux of Plaintiff's argument is that instead of calculating damages for restitution as required by a claim in equity, the district court used the original work order to measure damages based upon a legal position arising through a breach of contract. This argument is not supported by the record.

The record reflects that the original contract price articulated in the Work Order was $35,454.55. The district court did not measure damages based on that amount. Instead, the district court determined the value of the benefit conferred by Defendant to Plaintiff at the time the relationship terminated and subtracted payments that Defendant had already received from that amount. In doing so, the district court only awarded Defendant damages for the value of the services conferred upon Plaintiff. It did not award Defendant damages based on the amount Defendant would have received under any contractual relationship with Plaintiff. As a result, we conclude that the district court properly calculated damages based on the principles equitable

15

restitution.  *See Ledbetter v. Webb*, 103 N.M. 597, 600, 711 P.2d 874, 877 (1985) (stating that restitution is an equitable remedy designed to restore the status quo ante).

Additionally, our review of the record establishes that the district court's finding that Plaintiff owed Defendant the sum of $11,628.61 for labor and materials at the time the parties terminated their business relationship was supported by substantial evidence.  Plaintiff has not provided this Court with any reason to conclude otherwise, and we are not persuaded by Plaintiff's broad assertion that the district court erroneously failed to address his requested "[f]indings of [f]act Nos. 3, 4, [and conclusions of law] Nos. 8, 11, 12, 18, 20, 22, 23, 24" related to Defendant's failure to establish the reasonable value of his services.  Again, Plaintiff fails to argue or address the alleged errors with any specificity, and his argument is too general and vague for this Court's consideration.  *See Muse*, 2009-NMCA-003, ¶ 72 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *In re Estate of Heeter*, 113 N.M. 691, 694, 831 P.2d 990, 993 (Ct. App. 1992) (This [C]ourt will not search the record to find evidence to support an appellant's claims.); *Phoenix, Inc. v. Galio*, 100 N.M. 752, 754, 676 P.2d 829, 831 (Ct. App. 1984) ("[A]n indirect and general attack is not sufficient for [this] [C]ourt's consideration on appeal.").

Nothing in Plaintiff's brief indicates that there was any testimony that would

16

have required the district court to accept its requested findings related to Defendant's failure to establish damages. Again, Plaintiff did not attack with specificity any of the district court findings relating to the reasonable value of Defendant's services. *See Blea v. Fields*, 2005-NMSC-029, ¶ 22, 138 N.M. 348, 120 P.3d 430 ("Because Plaintiff did not properly attack specific findings with particularity, the findings will be deemed conclusive."). As a result, we conclude that the district court's rejection of Plaintiff's inconsistent requested findings of fact and conclusions of law was not error, *Fox*, 78 N.M. at 746, 438 P.2d at 156, and that the award of damages to Defendant in the amount of $11,628.61 is supported by substantial evidence.

**E.    Award of Prejudgment Interest**

Plaintiff also challenges the sufficiency of the evidence to support the district court's award of prejudgment interest under NMSA 1978, Section 56-8-4(B).   He argues that there was no proof offered at trial, nor were there any findings, that Plaintiff failed to make a reasonable and timely offer of settlement or that Plaintiff was the cause of delay in bringing this matter to trial.  However, Plaintiff argued to the district court that prejudgment interest was inappropriate under NMSA 1978, Section 56-8-3 (1980), and has not provided this Court with any citation to the record indicating that Plaintiff requested the aforementioned findings under Section 56-8-4(B).  Plaintiff thereby waived any findings of fact on these issues and is not entitled

to a review of the sufficiency of the evidence regarding new issues raised for the first time on appeal. *DeLisle v. Avallone*, 117 N.M. 602, 609, 874 P.2d 1266, 1273 (Ct. App. 1994); *Pedigo v. Valley Mobile Homes, Inc.*, 97 N.M. 795, 798, 643 P.2d 1247, 1250 (Ct. App. 1982).

Moreover, Section 56-8-4(B) specifically allows the district court to exercise its discretion in awarding prejudgment interest for the reasons mentioned by Plaintiff, "among other things." This Court will not overturn a district court's decision to award prejudgment interest absent an abuse of discretion. *DeLisle*, 117 N.M. at 609, 874 P.2d at 1273. "For a finding of abuse of discretion, an appellant bears the burden of proving that the district court's decision is contrary to all logic and reason." *Id.* Plaintiff has not met that burden. Therefore, we affirm the award of prejudgment interest.

**F.      Bias Against Plaintiff**

In its findings of fact and conclusions of law, the district court found Defendant more credible than Plaintiff. It explained, "[a]t one point in the trial,   . . . Plaintiff actually threatened Mr. Conley." Plaintiff asserts that this finding was not supported by substantial evidence and, as a result, exhibits the district court's bias against Plaintiff. However, this argument goes directly to the district court's determination of witness credibility. *See Santa Fe Pac. Gold Corp. v. United Nuclear Corp.*, 2007-

18

NMCA-133, ¶ 33, 143 N.M. 215, 175 P.3d 309 (holding that questions of credibility are reserved for the district court as fact finder).

Additionally, with regard to Plaintiff's claim that the district court was biased and no threat was actually made, Defendant points this Court to a statement made by Plaintiff during cross-examination. After being shown an aerial view photograph of his ranch taken by Conley, Plaintiff said that low flying planes frighten his horses and that Conley "might get shot down" if he took photographs of Plaintiff's land from his airplane again. In light of our deferential standard of review and the specific evidence cited by Defendant in support of the district court's finding, we conclude that the record supports the district court's credibility determination and the perceived threat made by Plaintiff during cross examination. As a result, Plaintiff has failed to establish that the district court exhibited bias against Plaintiff.

**CONCLUSION**

For the reasons discussed in this Opinion, we affirm the judgment entered by the district court.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

WE CONCUR:

_____
RODERICK T. KENNEDY, Judge

_____
MICHAEL E. VIGIL, Judge