This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40101

IN THE MATTER OF THE ESTATE OF
CRAIG J. LA BREE, Deceased,

RITA M. LA BREE, Personal Representative
of the ESTATE OF CRAIG J. LA BREE,

      Petitioner-Appellee,

v.

DEANN REED, Personal Representative
of the ESTATE OF MICHELLE LA BREE,

      Interested Party-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G.W. Shoobridge, District Court Judge**

Butt, Thornton & Baehr, P.C.
Sarah S. Shore
Albuquerque, NM

for Appellee

Law Office of Cristy Carbón-Gaul
Cristy Carbón-Gaul
Carmela D. Starace
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BACA**, Judge.

**{1}** In this appeal the estate of Michelle La Bree and the estate of Craig J. La Bree each claim that they are entitled to ownership of certain tangible property—jewelry, furniture, and paintings (the heirlooms). John "Jack" E. La Bree (Father) and Michelle La Bree (Mother) were the parents (collectively, Parents) of Craig J. La Bree (Son), their only child. Father died in 2014 and Mother died in November 2020. Son died unexpectedly in May 2020. At the time of his death, Son had no children and was married to Rita M. La Bree, Appellee, who is the personal representative of his estate. Appellant Deann Reed, as interested party and personal representative of Mother's estate, appeals from the district court's order concluding that Appellant and the Mother's estate had no claim to, interest in, or ownership of any tangible personal property, including the heirlooms at issue in this case, that once belonged to Mother or Father, whether that personal property was owned as separate or community property, because it was given to Son jointly by both Parents. We affirm.

**{2}** Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and discuss the facts as they are necessary for our analysis of the issues.

**DISCUSSION**

**{3}** In deciding the ownership of the heirlooms, the district court made extensive findings of fact and conclusions of law. Of the forty-two findings, seventeen are specifically related to the gift of all tangible personal property by Parents to Son. As well, of the sixteen conclusions of law, nine are specifically related to the gift and its legal validity. The district court's decision that the heirlooms belonged to Son at the time of his death, and that they therefore are part of his estate, is based on, and is fully supported by the court's seventeen findings that establish that Parents, with the agreement of both Father and Mother, gave the heirlooms to Son at a time when both Parents were competent to make such a gift. We see no error in the district court's conclusion that based on this joint gift, the heirlooms are part of Son's estate.

**{4}** Despite the fact that the district court's decision is fully supported by the seventeen findings of fact and nine conclusions of law it entered concerning this gift to Son, Appellant challenges only the district court's findings and legal conclusions concerning whether the heirlooms were Mother's separate property, or instead were community property, owned by both Parents. Because the findings and conclusions concerning the community or separate nature of the property challenged on appeal are not necessary to fully resolve the ownership of the heirlooms and because Appellant has failed to challenge the findings of fact concerning the gift, that are essential to support the district court's decision, we affirm.

**{5}** Of the seventeen findings of fact relevant to the gift to Son, Appellant has raised a challenge only to one: Finding of Fact No. 32. Finding of Fact No. 32 found that the gift to Son "furthered the desires of [Mother] and [Father] that [Son] receive their

property as the natural object of their bounty." This single challenged finding of fact, while explaining the reason Parents would want to make the gift to Son, is only marginally relevant to the district court's findings that the gift was made, that it was made jointly by both Parents, and that the gift was valid. It is these findings, not the reason for the gift, that are essential to support the district court's decision. *See Normand ex rel. Normand v. Ray*, 1990-NMSC-006, ¶ 35, 109 N.M. 403, 785 P.2d 743 ("Even where specific findings adopted by the [district] court are shown to be erroneous, if they are unnecessary to support the judgment of the court and other valid material findings uphold the [district] court's decision, the [district] court's decision will not be overturned.").

**{6}** "Unless findings are directly attacked, they are the facts on appeal." *Roybal v. Chavez Concrete & Excavation Contractors, Inc.*, 1985-NMCA-020, ¶ 11, 102 N.M. 428, 696 P.2d 1021. "Findings must be attacked on the basis that there is no substantial evidence to support them." *Nance v. Dabau*, 1967-NMSC-173, ¶ 8, 78 N.M. 250, 430 P.2d 747. "[I]n order to challenge the [district] court's findings of fact as not supported by substantial evidence, [the appellant] must clearly indicate the findings that it wishes to challenge and must provide this Court with a summary of all the evidence bearing on the finding." *Aspen Landscaping, Inc. v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶ 28, 135 N.M. 607, 92 P.3d 53. Regarding the evidence bearing on the finding, an appellant must refer to "all of the evidence, both favorable and unfavorable, followed by an explanation of why the unfavorable evidence does not amount to substantial evidence, such as is necessary to inform both the appellee and th[is] Court of the true nature of the appellant's arguments." *Id.*

**{7}** Here, apart from the generic challenge to Finding of Fact No. 32, Appellant has not specifically and directly challenged the district court's findings of fact related to the gift of the heirlooms to Son. Appellant does not identify with particularity the fact or facts material to the gift that are not supported by substantial evidence; does not provide this Court with a summary of all of the evidence, favorable and unfavorable, bearing on the finding that is being challenged; and does not explain why the unfavorable evidence does not amount to substantial evidence. Consequently, we conclude that Appellant has waived any challenge to the district court's findings of fact specifically related to the gift, and deem those sixteen findings conclusively established.

**{8}** Even if we agreed with Appellant's challenge to Finding of Fact No. 32, the other valid material findings are sufficient to uphold the district court's decision. *See Normand ex rel. Normand*, 1990-NMSC-006, ¶ 35. The sixteen unchallenged findings related to the gift demonstrate that the district court found that both Parents together gave all of their personal property to Son just prior to entering into an assisted living facility. The district court found that the gift was a joint gift from both Father and Mother to Son. The related conclusions of law, set out here in full, confirm as much:

> 2.     The tangible personal property owned by [Father] and [Mother] is property capable of being gifted to another person.

. . . .

5.	Ownership and title to all tangible personal property owned by [Father] and [Mother] passed to their [S]on, . . when possession and control thereof was delivered to [Son] by [*Mother*] and [*Father*] at a family dinner held prior to their move to an assisted living facility, when in the presence of Kim La Bree, [Son], and Rita La Bree, [*Father*] and [*Mother*], voluntarily, and with the requisite mental capacity to dispose of *their* own property by gift, and with the intention of making a present gift of all *their* tangible personal property to [Son], verbally told [Son] words to the effect: clean out the house, take what you want, sell what you don't want, and put the house on the market.

6.	At the time of the dinner party, [Mother] was capable of understanding, in a reasonable manner, the nature and effect of the direction to her son to clean out the house, take what you want, sell what you don't want, and put the house on the market.

7.	At the time of the dinner party, [Father] was capable of understanding, in a reasonable manner, the nature and effect of the direction to his son to clean out the house, take what you want, sell what you don't want, and put the house on the market.

8.	[Son] did not induce *the gift from his parents* by force, fraud or undue influence. The gift was voluntary.

9.	The gift was accepted by a competent donee.

10.	The gift of all tangible personal property belonging to [Father] and [Mother] to [Son] was complete and fully executed in all respects. The gift is valid and binding upon [Father], [Mother], and upon the Estate of [Mother].

11.	All tangible personal property transferred from [Father] and [Mother] to [Son] is part of the probate estate of [Son], including, if such property exists, the following items:

	a.	[Father]'s Signet Ring[;]

	b.	[Mother]'s wedding rings[;]

	c.	Antique furniture, which included an original Louis XIV chair and a Napoleon II settee of [Mother]; and

        d.      All paintings, including one of [Mother] and [Mother]'s mother.

. . . .

13.     The Estate of [Mother] is not the owner of any personal property gifted inter vivos to [Son] by [*Father*] and [*Mother*].

(Emphasis added.)

**{9}** For Parents gift to be valid, the district court needed to be persuaded as to the following elements: (1) the property was subject to gift; (2) Father and Mother as donors were competent to make the gift; (3) Father and Mother, as donors, had a donative intent that was not induced by force or fraud; (4) the property was delivered to Son as donee; (5) Son accepted the property as a competent donee; and (6) the present gift was fully executed. *See Lusk v. Daugherty*, 1956-NMSC-051, ¶ 11, 61 N.M. 196, 297 P.2d 333 (setting forth the elements of a valid gift). The unchallenged findings of fact fully support the district court's conclusion that Parents made a valid gift to Son. Our conclusion in that regard does not change even if we assume, without deciding, that Appellant's passing challenge to Finding of Fact No. 32 is meritorious. *See Normand ex rel. Normand*, 1990-NMSC-006, ¶ 35.

**{10}** The district court's findings and conclusions concerning the gift, therefore, provide sufficient basis for us to affirm the district court's order concluding that Appellant and the estate of Mother had no claim to, interest in, or ownership of any tangible personal property that once belonged to Parents, separately or together as community property.

**CONCLUSION**

**{11}** For the reasons stated above, we affirm.

**{12}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**